**MENNICUCCI v. F. & P. BRAKELYNE SERVICE, Inc.**

Civil Action No. 3250.

District Court, D. New Jersey.

Jan. 17, 1945.

Maurice Schapira, of Newark, N. J., for plaintiff.

Frederic M. P. Pearse, of Newark, N. J., for defendant.

MEANEY, District Judge.

This matter is before the court on defendant's motion to dismiss the complaint on the ground that the court lacks jurisdiction because the business of the defendant as alleged in the complaint does not constitute interstate commerce.

Plaintiff brings his action to recover unpaid overtime compensation pursuant to section 16(b) and sections 6 and 7 of the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 206, 207 and 216(b).

The complaint alleges that the defendant corporation, for the entire period mentioned, was engaged in the business of sales and service of brake lining, retail and wholesale, and power brakes, reconditioning brake drums and other brake parts, that defendant's place of business is in Newark, New Jersey, and that the goods so produced and sold by the defendant are made of raw and processed materials, substantially all of which are shipped to defendant's place of business from points

outside of the state. There is the further allegation that:

"Substantially all the goods sold and services performed by defendant during the times hereinafter mentioned have been produced for interstate commerce and services rendered on vehicles engaged in interstate commerce."

It is alleged also that the duties of the plaintiff constitute the production of goods for commerce within the meaning of the Fair Labor Standards Act.

Plaintiff's counsel in a brief filed in opposition to defendant's motion states further that plaintiff was employed by defendant as a mechanic repairing brake drums, brakes and other brake parts for trucks and trailers owned and operated by companies which were engaged in interstate commerce.

■ The statutory scope of the Act, 29 U.S.C.A. § 206, is declared to cover employees "engaged in commerce or in the production of goods for commerce."[1] Under this act it is immaterial whether the employee is hired by one engaged in interstate business since it is the activities of the employee and not the employer which are decisive. McLeod v. Threlkeld, 319 U. S. 491, 497, 63 S.Ct. 1248, 87 L.Ed. 1538; Kirschbaum Co. v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638; Overstreet v. North Shore Corporation, 318 U.S. 125, 63 S.Ct. 494, 87 L.Ed. 656.

■ In precisely what category the plaintiff's activities place him it is difficult to determine. It would seem, however, that plaintiff's employment as a "mechanic repairing brake drums," etc., is not such employment as would classify him as an employee "engaged in the production of goods for commerce" within the intendment of the act. It is not necessary under the Act that employees must themselves participate in the physical process of the making of the goods, and it will suffice if they are engaged in any process or occupation necessary to the production. Kirschbaum v. Walling, supra. But it seems to me that the activities of the plaintiff herein were in no manner concerned either in the production or in an occupation necessary to the production of the goods.

■ As well as I am able to determine, the work of the plaintiff might more nearly classify him as doing work "engaged in commerce."

The test as to this category laid down in McLeod v. Threlkeld (supra [319 U.S. 491, 63 S.Ct. 1251]) was stated thus: "The test under this present act, to determine whether an employee is engaged in commerce, is not whether the employee's activities affect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of it."

The Act itself makes a difference between the two categories. As to those "engaged in commerce" the Act narrowly limits it, as does the test above set forth.

Insofar as the second class under the Act is concerned, there is less limitation. It covers not only those who participate in the physical process of making the goods, but those engaged in any process or occupation necessary to production.

The Kirschbaum case above cited is concerned entirely with the latter class of employee activities. The McLeod case is concerned only with the former. The distinction is a nice one and an important one.

It becomes essential then first to determine into what class the employee's activities place him. Coverage of the statute may then be applied accordingly. The criterion even in the fact of the tests laid down, in a sense must remain one of degree.

The case is a borderline one and to that end it is essential that the court have before it the pertinent facts, both of the employers business and the employees activities.

■■ As was stated in Stratton v. Farmers Produce Co., 8 Cir., 134 F.2d 825, 827: "Under the Fair Labor Standards

---

[1] "Commerce" is defined as meaning "trade, commerce, transportation, transmission, or communication among the several States or from any State to any place outside thereof."

"Produced" is defined to mean "produced, manufactured, mined, handled, or in any other manner worked on in any State; * * * an employee shall be deemed to have been engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any process or occupation necessary to the production thereof, in any State." 29 U.S.C.A. § 203(b, j).

Act * * * a complaint ought not to be dismissed for informality or insufficiency of statement, unless it appears to a certainty that, under any state of facts which may be proved in support of the asserted claim, no basic right of action can possibly exist." Such detailed pertinent facts are not before this Court on this motion. As the complaint now stands it must be held to state a sufficient cause of action to invoke the jurisdiction of this court. Whether the services of the plaintiff are sufficient to bring him within the meaning of the Act must depend upon the proofs and disclosures at a trial of the issues.

Defendant's motion to dismiss the complaint is accordingly denied.