BRADSHAW, J.
The complaint seeks to state a cause of action for overtime wages due the plaintiff against his former employer under the provisions of the so-called Fair Labor Standards Act of 1938. Paragraph IV of this complaint alleges as follows: “That prior to February 13, 1954, Defendant, Otis 0. Cullum Welding Service, and on said date and continuously thereafter, was engaged in business in the County of Kern, State of California, and while so engaged *Supp. 869 und in the course thereof provided for and furnished to various petroleum companies and others, welding services, including the service of plaintiff, for the purpose of and in the actual performance of ‘hard facing tool joints on drill pipe, both in company yards and on operating drilling rigs’ by operating an inert-gas automatic welding machine; that said pipe was used and employed in the drilling and actual production of oil and gas, said products to be used and shipped between the State of California and other various states, possessions and territories, and between the State of California and various foreign countries; that defendant was engaged in commerce in providing the service of said welding machine and operators to and for said petroleum producing companies and others, as aforesaid.”
The appellant in his opening brief calls to our attention and relies on the case of Roland Elec. Co. v. Walling, 326 U.S. 657 [66 S.Ct. 413, 90 L.Ed. 383], An excerpt from the foregoing cited case reads as follows: “Most of the relevant facts were stipulated. Petitioner is a Maryland corporation ‘having its principal office, place of business and a manufacturing plant’ in Baltimore. It is there engaged in ‘commercial and industrial wiring, electrical contracting, and dealing in electrical motors and generators, for private, commercial, and industrial uses.’ ”
And continuing, “Petitioner had ‘approximately 1,000 active accounts ... 99 per cent of which are commercial or industrial firms.’ Its ‘larger and most active accounts’ were 33 in number. Of such 33 customers, one was a telephone company ‘engaged in interstate commerce’; four were ‘engaged in the repair of ships, tugs, barges, and other boats which were intended for movement in interstate commerce’; and ‘the remaining companies on said list, with the exclusion of the American Ice Company, were engaged in the production of goods for commerce as defined in the Fair Labor Standards Act of 1938.’ ”
And continuing “During the period stipulated, ‘every mechanic of the defendant worked, in practically every workweek, for some of the said 33 customers, either in the repair of their motors, generators, the reconstruction of used motors sold to them, or in performing electrical work at their respective establishments.’ To carry on its entire business, the petitioner had 36 employees, consisting of a foreman, 4 trouble shooters, 14 mechanics, 11 helpers and 6 office employees.”
*Supp. 870 One of the principal questions involved in that case was whether the employees of that company were exempt from the act on the ground that petitioner is a service establishment within the meaning of the act. Because the motors and other products were used in interstate commerce the court held that the employees in that case were not exempt from the Fair Labor Standards Act. Without referring to any of the cases which were cited by appellant here, the court simply decided that in the case cited by respondent the act should be applicable. The respondent in the case at bar has given a diagram of a number of cases indicating some of the distinctions which the court has drawn in determining when an employee comes within the act, and it must be admitted that some of the distinctions seem rather strained.
The one that seems most nearly to come within the facts of the present case is that of Mennicuoci v. F. & P. Brakelyne Service, 58 F.Supp. 720. It was in that case held that a mechanic employed by a sales and service station to repair brake drums on trucks and trailers engaged in interstate commerce was not within the act. This court cannot indulge the luxury of its own ideas where a federal statute is concerned, but is bound by the decisions of the federal courts, and particularly, by the decisions of the United States Supreme Court. But it seems analogous to hold that the sharpening of bits for oil drilling, where the oil is to be shipped interstate, and the repair of brake drums on vehicles to be used in interstate commerce are in the same category, and the same logic should be applied.
The judgment of the lower court is therefore affirmed.
Lambert, P. J., and Main, J., concurred.