## BAYLEY et al. v. SOUTHLAND GASOLINE CO.

### No. 12309.

Circuit Court of Appeals, Eighth Circuit.
Nov. 2, 1942.

Writ of Certiorari Granted Jan. 18, 1943.

See 63 S.Ct. 526, 87 L.Ed. —.

J. S. Jameson and Paul Jameson, both of Fayetteville, Ark., for appellant.

C. H. Rosenstein, of Tulsa, Okl., and Price Dickson, of Fayetteville, Ark., for appellee.

Before GARDNER, WOODROUGH, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

Appellants were employed by appellee for various periods between October 24, 1938 and May 11, 1941 as motor truck drivers. Their duties required them to drive trucks between points in Oklahoma and points in Arkansas, in the transportation and delivery of materials purchased and sold by appellee. They brought this action against appellee under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., to recover for each of them either unpaid minimum wages and overtime compensation, or both, and additional equal amounts as liquidated damages, and for costs and attorneys' fees. The appellee moved to dismiss that part of the complaint seeking recoveries for overtime compensation under § 7 of the Fair Labor Standards Act, 29 U.S.C.A. § 207. The motion was granted, the District Court being of the opinion that the appellants were not within the protection of the Fair Labor Standards Act with respect to maximum hours of employment and overtime compensation, because of the exemption contained in § 13(b) of the Act, 29 U.S.C.A. § 213(b), providing that the provisions of § 7 shall not apply "with respect to any employee * * * with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service, pursuant to the provisions of § 204 of the Motor Carrier Act [section 304 of Title 49]." This appeal brings in question the correctness of the court's action.

It is conceded that the Interstate Commerce Commission did not undertake the regulation of private motor carriers until May 1, 1940, when it made its finding that their regulation was needed. The District Court considered this fact unimportant, holding that the power of the Commission to regulate private carriers was not dependent upon a prior finding by the Commission that such regulation was necessary. The court was of the opinion that the Commission had power to fix maximum hours of service of employees of private carriers from the date of the passage of the Motor Carrier Act of 1935, 49 U.S.C.A. § 301 et seq., and that, for this reason, the provisions of the Fair Labor Standards Act were not applicable to the appellants in this case. If, on the other hand, the Commission was without power, prior to its finding on May 1, 1940, to regulate the maximum hours of service of truck drivers of private carriers, it is evident that the appellants here were not deprived of the benefits of the Fair Labor Standards Act by anything in the exemption in § 13(b) of that Act.

The relevant provisions of the Motor Carrier Act are:

"(a) *Powers and duties generally.* It shall be the duty of the Commission—

"(1) To regulate common carriers by motor vehicle as provided in this chapter, and to that end the Commission may establish reasonable requirements with respect to continuous and adequate service, transportation of baggage and express, uniform systems of accounts, records, and reports, preservation of records, qualifications and maximum hours of service of employees, and safety of operation and equipment.

"(2) To regulate contract carriers by motor vehicle as provided in this chapter, and to that end the Commission may establish reasonable requirements with respect to uniform systems of accounts, records, and reports, preservation of records, qualifications and maximum hours of service of employees, and safety of operation and equipment.

"(3) To establish for private carriers of property by motor vehicle, if need therefor is found, reasonable requirements to promote safety of operation, and to that end prescribe qualifications and maximum hours of service of employees, and standards of equipment. In the event such requirements are established, the term 'motor carrier' shall be construed to include private carriers of property by motor vehicle in the administrations of sections 304(c), 305, 320, 321, 322(a), (b), (d), (f), and (g), and 324 of this chapter." 49 U.S.C.A. § 304(a) (1–3).

It is apparent from a reading of the Motor Carrier Act that while the Congress determined for itself the necessity for the regulation of common and contract carriers by motor vehicle in the respects stated in the Act, it did not determine the necessity of regulating private carriers by motor vehicle, such as the appellee here, but left the determination of that question to the Interstate Commerce Commission, if, in the words of the Act, "need therefor is found." Obviously the three subsections of the Act, read together, clearly imply the intention of Congress that the power of the Commission with respect to private car-

riers should depend upon a finding by the Commission that the regulation was needed; that is to say, needed in the public interest in order to make effective regulation of common and contract carriers which Congress commanded, and to protect the public and the common and contract carriers from the consequences of unregulated competition by private carriers.

■ The rule is that where the legislature invests an administrative body or other agency of the government with power to act on or in accordance with a hearing or a finding, the delegated power does not come into existence until the hearing is had or the determination is made. In such circumstances a finding is jurisdictional and action without the finding is void. Panama Refining Co. v. Ryan, 293 U.S. 388, 431, 55 S.Ct. 241, 79 L.Ed. 446; United States v. Baltimore & O. Ry. Co., 293 U.S. 454, 462, 55 S.Ct. 268, 79 L.Ed. 587; Mahler v. Eby, 264 U.S. 32, 44 S.Ct. 283, 68 L.Ed. 549; Wichita Railroad & Light Co. v. Public Utilities Commission, 260 U.S. 48, 43 S.Ct. 51, 55, 67 L.Ed. 124.

■ Moreover, as this court pointed out in Fleming v. Hawkeye Pearl Button Co., 8 Cir., 113 F.2d 52, the Fair Labor Standards Act is remedial and must be liberally construed. And see United States v. Darby, 312 U.S. 100, 61 S.Ct. 451, 85 L.Ed. 609, 132 A.L.R. 1430. The obvious purpose of the Act is to include within its protection every employee engaged in interstate commerce or in the production of goods for interstate commerce, except those specifically excepted. Bowie v. Gonzalez, 1 Cir., 117 F.2d 11. The section dealing with exemptions may not be given an interpretation which would lead to results contrary to the evident scope and purpose of the Act. And we think the interpretation contended for by appellee would produce that result. Under the Motor Carrier Act of 1935, the Commission was free to decide the question of the necessity of the regulation of private carriers either way. It might have found that the necessity did not exist. In the event of such a finding, the employees of private motor carriers, under the holding of the District Court, would be without the protection of either Act. They would constitute a class of employees in interstate commerce excepted from any regulation whatsoever, a result clearly incompatible with the obvious intent and purpose of the Fair Labor Standards Act.

■■ We hold that until the Interstate Commerce Commission made the finding of the necessity of the regulation of private carriers with respect to the matters specified in the Motor Carrier Act of 1935, it was without power to prescribe either qualifications or maximum hours for the employees of such carriers. This holding agrees with the interpretation placed upon the Fair Labor Standards Act by the Administrator in his Interpretative Bulletin No. 9, and with the interpretation of the Motor Carrier Act by the Interstate Commerce Commission, implied from the fact that it did not undertake the regulation of private motor carriers until it had made a finding that such regulation was necessary. Such interpretations by the agencies charged with the administration of the Acts are entitled to great weight. United States v. American Trucking Associations, 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345; Norwegian Nitrogen Products Co. v. United States, 288 U.S. 294, 324, 325, 53 S.Ct. 350, 77 L.Ed. 796. In this case they are undoubtedly correct.

Accordingly the judgment of the District Court is reversed and this case is remanded for further proceedings in conformity with this opinion.