**MUSTEEN et al. v. JOHNSON et al.**
**No. 12222.**

Circuit Court of Appeals, Eighth Circuit.

Feb. 5, 1943.

Warner W. Gardner, Sol., U. S. Department of Labor, and Mortimer B. Wolf, Asst. Sol., U. S. Department of Labor, both of Washington, D. C., Llewellyn B. Duke, Regional Atty., U. S. Department of Labor, of Dallas, Tex., and Irwin S. Mason, Atty., U. S. Department of Labor, of Washington, D. C., for Administrator of Wage and Hour Division, U. S. Department of Labor, amicus curiae.

Before STONE, SANBORN, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

This appeal is from a judgment dismissing the complaint of the plaintiffs (appellants) in an action brought by them, under § 16(b) of the Fair Labor Standards Act of 1938, 52 Stat. 1060, 1069, 29 U.S. C.A. § 216(b), to recover unpaid overtime compensation alleged to be due them from the defendants (appellees) by virtue of § 7 of the Act, 52 Stat. 1063, 29 U.S.C.A. § 207, together with an equal amount as liquidated damages. The question for decision is whether the District Court was justified in dismissing the complaint.

The only brief filed is that of the Administrator of the Wage and Hour Divi-

sion, United States Department of Labor, as amicus curiae. With leave of the Court, the plaintiffs have submitted the case upon this brief. The defendants have submitted nothing by way of argument, either oral or written.

In substance, the complaint alleges that at all times which are material, the defendants, who are citizens of Benton County, Arkansas, were engaged in business as wholesale dealers and distributors of petroleum products which they "caused to be used, transported, and handled in commerce in the States of Oklahoma and Arkansas, and between said states"; that the plaintiffs "were employees of the defendants engaged in commerce and rendered services on behalf of the defendants in connection with the said activities of the defendants while said defendants were so selling, using, transporting, distributing, and handling the said products"; that "the principal service rendered by the plaintiff L. J. Musteen was in operating a truck of the defendants from Benton County in the State of Arkansas to Pawnee and Payne Counties in the State of Oklahoma, and in transporting for the defendants by means of said truck gasoline, oil, and petroleum products" from points in Oklahoma to points in Arkansas; that "the service rendered by the plaintiff Jess C. Tarr was in operating a truck and transporting and making deliveries of said commodities entirely within the State of Arkansas in wholesale quantities to customers of the defendants"; that the "plaintiff Tarr did not operate a truck or haul said property [defendants' products] across state lines"; that the defendants, by virtue of § 7 of the Fair Labor Standards Act of 1938, are indebted to the plaintiff Musteen for overtime worked by him from October 23, 1939, to August 30, 1941, and are similarly indebted to the plaintiff Tarr for overtime worked by him from July 29, 1940, to May 31, 1941.

The defendants moved to dismiss the complaint on the general ground that it fails to state a claim upon which relief can be granted,[1] and upon the specific ground "that it is alleged in the complaint that plaintiffs were employed by defendants to transport petroleum products by motor trucks for the defendants, while engaged as private carriers in interstate commerce from points in the State of Oklahoma to points within the State of Arkansas, and therefore the provisions of said section 7 of said Act [Fair Labor Standards Act of 1938] do not apply."

The District Court, without opinion, on October 13, 1941, granted the defendants' motion and dismissed the complaint. It is a fair assumption that the court in so doing relied upon the applicability of § 13 (b) of the Fair Labor Standards Act of 1938, 52 Stat. 1068, 29 U.S.C.A. § 213(b), which excepts from the provisions of § 7 of that Act "any employee with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of section 204 of the Motor Carrier Act, 1935." 49 Stat. 543, 546, 49 U.S.C.A. § 304.[2]

This Court in Bayley v. Southland Gasoline Co., 8 Cir., 131 F.2d 412, 414, ruled that under § 204(a) (3) of the Motor Carrier Act, 49 Stat. 546, 49 U.S.C.A. § 304 (a) (3), the Interstate Commerce Commission was without power to prescribe qualifications or maximum hours for the employees of private motor carriers engaged in interstate commerce until the Commission had made a finding of necessity for the regulation of those carriers; and that, until such a finding was made, § 7 of the Fair Labor Standards Act of 1938 was applicable to their employees. It appears that in the Bayley case it was conceded that the Commission did not undertake the regulation of private motor carriers until May 1, 1940, and had made no finding as to the necessity for their regulation before that date.

The complaint does not show that the Commission has determined the necessity for the regulation of private motor carriers engaged in interstate commerce. It appears, however, from 23 M.C.C. 1, that, in Ex Parte No. MC-3, findings with respect to the regulation of private motor carriers of property were made by the Commission on May 1, 1940, and that these findings included a finding of necessity for such regulation. It appears, also, that the findings were followed by an order of the

---

[1] Rule 12(b) (6) Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

[2] Short title, "Motor Carrier Act, 1935," changed to "Part II of the Interstate Commerce Act" by amendment, 54 Stat. 919, 49 U.S.C.A. § 301.

Commission of September 30, 1940, prescribing regulations for private carriers effective on October 15, 1940.[3] Whether, because of the findings and order of the Commission, § 13(b) of the Fair Labor Standards Act would become effective as to the employees of such carriers on May 1, 1940, or on October 15, 1940, it is unnecessary to decide in passing upon the sufficiency of the complaint. Assuming that we may judicially notice the findings and order of the Commission above referred to, it does not conclusively appear from the complaint in this case that either of the plaintiffs was excepted from § 7 of the Fair Labor Standards Act before October 15, 1940.

Furthermore, the complaint does not show that the plaintiff Musteen was continuously engaged in driving an interstate truck for the defendants; and it is conceivable that he may have done other work, in connection with the defendants' alleged interstate business, of such character and for such periods of time as to be entitled to some overtime compensation under § 7 of the Act, even after § 13(b) became effective as to him.

The complaint, in alleging that the plaintiff Tarr operated a truck only in Arkansas, negatives the theory that he was an employee with respect to whom the Interstate Commerce Commission could prescribe qualifications and maximum hours. Without knowing more than is disclosed by the complaint relative to the nature of Tarr's employment and services and of the nature of the defendants' business and his participation in it, it cannot be said that it conclusively appears that Tarr's services were so unrelated to interstate commerce that he could have no claim under § 7 of the Act.

The District Court, when it dismissed the complaint, did not have the benefit of the recent decisions of the Supreme Court in A. B. Kirschbaum Co. v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638; Overnight Motor Transportation Co., Inc., v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682; Warren-Bradshaw Drilling Co. v. Hall, 63 S.Ct. 125, 87 L.Ed. ——, and Walling v. Jacksonville Paper Co., 63 S.Ct. 332, 87 L.Ed. ——, decided Jan. 18, 1943. These decisions indicate that the Fair Labor Standards Act must be liberally construed to include all employees (not expressly excepted from the Act) who reasonably may be deemed to be within its purview. These decisions also demonstrate the necessity for having a detailed knowledge of all pertinent facts relative to the nature of an employer's business and of the work done for him by an employee, before attempting to reach a conclusion as to whether the employee is or is not entitled to the benefits of § 7 of the Act. In this case, we are satisfied that is does not conclusively appear from the complaint that the plaintiffs have stated claims for which no recovery may be had. The questions of the existence and the validity of the claims asserted are questions of fact to be determined from evidence and not from the face of the plaintiffs' pleading. Compare, Donnelly Garment Co. v. International Ladies' Garment Workers' Union, 8 Cir., 99 F.2d 309, 317.

As this Court has said before, there is no justification for dismissing a complaint for insufficiency of statement, except when it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim asserted by him. Leimer v. State Mut. Life Assur. Co. of Worcester, Mass., 8 Cir., 108 F.2d 302, 306; Sparks v. England, 8 Cir., 113 F.2d 579, 582; Cohen v. United States, 8 Cir., 129 F.2d 733, 736; Louisiana Farmers' Protective Union, Inc., v. Great Atlantic & Pacific Tea Co., 8 Cir., 131 F.2d 419, 423, 424. See, also, Pliner v. Nesvig, D.C., 42 F.Supp. 297, 298; Fleming v. Wood-Fruitticher Grocery Co., Inc., D.C. 37 F.Supp. 947, 949.

The District Court should have denied the defendants' motion to dismiss. The judgment appealed from is reversed, and the case is remanded to the District Court with directions to reinstate the complaint, and for further proceedings.

---

[3] 5 Fed. Reg. 3900; Code of Fed. Reg., 1940 Suppl., Tit. 49, Parts 191–193, pages 5338–5340.