**STRATTON et al. v. FARMERS PRODUCE CO., Inc.**

No. 12321.

Circuit Court of Appeals, Eighth Circuit.

April 15, 1943.

Hugh M. Bland, of Fort Smith, Ark., for appellants.

John W. Nance, of Rogers, Ark., for appellee.

Before GARDNER, JOHNSEN, and RIDDICK, Circuit Judges.

JOHNSEN, Circuit Judge.

In a suit by three employees of a produce company, to recover the difference between the wages paid them and those prescribed by sections 6 and 7 of the Fair Labor Standards Act of 1938, 52 Stat. 1062, 1063, 29 U.S.C.A. §§ 206, 207, and to recover also liquidated damages under the statute, the district court, on motion of the defendant, and without hearing any evidence, dismissed the complaint, on the ground that the work in which such employees were alleged to be engaged was

exempt from the wage and hour provisions, under section 13(a) (10) of the Act, 52 Stat. 1067, 29 U.S.C.A. § 213(a) (10).[1] The employees have appealed from the judgment of dismissal.

The complaint alleged that defendant "was engaged in the business of purchasing live poultry from individual poultry raisers in the vicinity of Springdale, Arkansas, and from other points in the State of Arkansas"; hauling it from the farms to defendant's place of business at Springdale, Arkansas; grading and cooping it for market; transporting it in defendant's trucks from Arkansas "to Illinois, Missouri and other states" and selling it there; that during the period involved defendant employed "approximately twenty-five or thirty men in the business of purchasing, shipping and marketing live poultry in interstate commerce"; and that plaintiffs' duties were "to catch chickens at the farms * * *, load the chickens into coops and place them upon defendant's trucks, transport the chickens from the farms to defendant's place of business at Springdale, Arkansas, unload the chickens and place them in defendant's produce house, feed and water the chickens, and also load the chickens into coops and place them on defendant's trucks for (interstate) transportation."

The grounds for dismissal set out in defendant's motion were that "the complaint fails to state a claim against defendant upon which relief can be granted", and that "it is shown conclusively by the allegations in the complaint that the provisions of said sections (6 and 7) of the Fair Labor Standards Act of 1938 do not apply because of the exemptions provided in Sec. 13(a) (10) of the Act."

The district judge, in sustaining the motion to dismiss, declared: "I am construing the complaint to mean that these operations of the plaintiffs were within the area of production, so that the question can be, if the parties desire, passed upon by the Court of Appeals, and determined whether (section) 13(a) (10) applies or (section) 7(c) applies."[2]

The record shows that the attorney for plaintiffs then suggested that, if section 13(a) (10) could be regarded as being applicable, the evidence might establish that the work involved had not been performed within the area of production, as defined by the Administrator, and that he made inquiry whether this fact would affect the court's ruling. The district judge replied that "if those facts existed, it would probably make a considerable difference in the disposition of the case", but "I wouldn't want to pass on that for the time being."

We have not been asked, by either plaintiffs or defendant, to decide whether the partial exemption from the maximum hours and overtime requirements, provided for in section 7(c) of the Act, has application to the operations of defendant's

---

[1] § 13(a) (10). "The provisions of sections 6 and 7 shall not apply with respect * * * (10) to any individual employed within the area of production (as defined by the Administrator), engaged in handling, packing, storing, ginning, compressing, pasteurizing, drying, preparing in their raw or natural state, or canning of agricultural or horticultural commodities for market, or in making cheese or butter or other dairy products".

The Administrator's Regulations, defining "area of production" under this section, as amended March 12, 1941, 29 Code of Fed. Regulations, 1941 Supp., § 536.2, 29 U.S.C.A. Appendix, provide: "An individual shall be regarded as employed in the 'area of production' within the meaning of section 13(a) (10) in handling, packing, storing, ginning, compressing, pasteurizing, drying, preparing in their raw or natural state, or canning of agricultural or horticultural commodities for market, or in making cheese or butter or other dairy products: (a) If

he performs those operations on materials all of which come from farms in the general vicinity of the establishment where he is employed and the number of employees engaged in those operations in that establishment does not exceed ten * * *."

[2] § 7(c), 52 Stat. 1063, 29 U.S.C.A. § 207(c). " * * * and in the case of an employer engaged in the first processing of, or in canning or packing, perishable or seasonal fresh fruits or vegetables, or in the first processing, within the area of production (as defined by the Administrator), of any agricultural or horticultural commodity during seasonal operations, or in handling, slaughtering, or dressing poultry or livestock, the provisions of subsection (a) [relating to maximum hours and overtime], during a period or periods of not more than fourteen workweeks in the aggregate in any calendar year, shall not apply to his employees in any place of employment where he is so engaged."

business as described in the complaint. The only questions submitted to us are (1) whether the exemption of section 13(a) (10) can be regarded as being at all applicable to defendant's business, and (2), if so, whether its application to plaintiffs' employment, in relation to the area of production, as defined by the Administrator, can soundly be determined from the face of the complaint.

Discussing the latter question first, if it be assumed momentarily that defendant's business is within the scope of the exemption of section 13(a) (10), we do not believe that the allegation in the complaint that the purchasing and hauling of poultry were done from farms "in the vicinity of Springdale, Arkansas, *and from other points in the State of Arkansas*" (emphasis added) permits of a summary determination that plaintiffs must have been employed within the area of production as defined by the Administrator. Defendant attempts to justify the ruling of the district judge on the ground that the complaint was not sufficient to state a cause of action, because "it is not alleged that any part of the poultry was purchased from points outside of the general vicinity of appellee's established place of business." That philosophy of pleading-construction went out of the federal practice with the adoption of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

We have had occasion only recently to re-emphasize, in another case arising under the Fair Labor Standards Act, that a complaint ought not to be dismissed for informality or insufficiency of statement, unless it appears to a certainty that, under any state of facts which may be proved in support of the asserted claim, no basic right of action can possibly exist or no relief can possibly be granted. See Musteen v. Johnson, 8 Cir., 133 F.2d 106, 108. We called attention in that case to the special necessity, in actions under the Fair Labor Standards Act, "for having a detailed knowledge of all pertinent facts relative to the nature of an employer's business and of the work done for him by an employee, before attempting to reach a conclusion as to whether the employee is or is not entitled to the [wage and hour] benefits * * * of the Act." 133 F.2d at page 108.

Whether the work of a particular employee, in an industry that is under the Fair Labor Standards Act, is within the operation of the wage and hour provisions, or is subject to some exemption, should therefore ordinarily be determined from the evidence on a trial and not from a technical construction of the pleadings. A complaint, seeking to recover under the wage and hour provisions of the Act, is certainly not required to negative the exemptions of the statute in order to state a cause of action.

But there is another reason that also calls for a reversal of the judgment here. If the nature and scope of defendant's business were correctly described in the complaint, then the exemption of section 13(a) (10) would not appear to have any application. The Administrator has made the interpretation that the handling of poultry for market is not within the connotation of the term "handling * * * agricultural or horticultural commodities for market", as used by Congress in section 13(a) (10). See United States Department of Labor, Wage and Hour Division, Interpretative Bulletin No. 14, paragraphs 25 and 27. While, for lexicographic purposes, "poultry" might perhaps properly be regarded as being embraced in the term "agricultural commodities", this obviously would not prevent Congress from not so including or considering it, for industry-classification purposes under the Fair Labor Standards Act, if it chose to do so.

We think that the Administrator's interpretation that the handling of poultry for market is not included in the handling of agricultural commodities for market, under the exemption of section 13(a) (10), is sound and should be adopted by us. Cf. Miller Hatcheries, Inc. v. Boyer, 8 Cir., 131 F.2d 283. The enumeration in section 7(c) of the "handling, slaughtering, or dressing poultry or livestock", as a separate classification from "the first processing * * * of any agricultural or horticultural commodity", for purposes of the partial exemption granted in that section, would seem quite definitely to indicate that the handling or packing of poultry or livestock for market was not intended to be included in the term "handling, packing, * * * of agricultural or horticultural commodities for market" under the exemption of section 13(a) (10).

If the complaint does not correctly describe the nature of defendant's business or the duties performed by plaintiffs, the

exact facts are, of course, a matter for determination from the evidence.

The judgment of dismissal is reversed and the cause is remanded, with directions to reinstate the complaint, and for further proccedings.