**WOODS, Housing Expediter v. HILLCREST TERRACE CORPORATION et al.**

No. 13826.

United States Court of Appeals
Eighth Circuit.

Dec. 6, 1948.

Nathan Siegel, Sp. Litigation Atty., Office of Housing Expediter, of Washington, D. C. (Ed Dupree, Gen. Counsel, and Hugo V. Prucha, Asst. Gen. Counsel, both of Washington, D. C., on the brief), for appellant.

Bellamy & Eastman, of Rapid City, S. D. for appellees.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal by the Housing Expediter from a judgment dismissing his complaint in an enforcement action brought by him under § 206(b) of the Housing and Rent Act of 1947, Act of June 30, 1947, c. 163, 61 Stat. 193, 199, as amended by the Housing and Rent Act of 1948, Act of March 30, 1948, c. 161, 62 Stat. 93, 98, 50 U.S.C.A.Appendix, § 1881 et seq. The relief sought was an injunction restraining the defendants (appellees) from violating the provisions of the Act as amended and the Controlled Housing Rent Regulation (12 F.R. 4331, 13 F.R. 3628) issued thereunder. The complaint is in three counts.

Count 1 alleges, in substance: that, in the plaintiff's judgment, the defendants have engaged or are about to engage in acts and practices which constitute or will constitute a violation of § 206(a) of the Act and of other provisions of the applicable law; that on and after July 1, 1947, there was in effect the Controlled Housing Rent Regulation as amended (12 F.R. 4331), prescribing maximum rents for housing accommodations in the Rapid City-Sturgis Defense-Rental Area; that the defendant corporations own and operate housing accommodations consisting of about 84 rental units in the city of Rapid City, South Dakota; that the individual defendant is president of the corporate defendants and manager of the housing accommodations, which are subject to the Regulation; that the accommodations are rented to various tenants for dwelling units; that the defendants are proceeding to evict the tenants from the housing accommodations in violation of the Act and have served on the tenants eviction notices demanding possession for the alleged purpose of withdrawing

the accommodations from the rental market; that the defendants have sold or contracted to sell some of the housing accommodations; that the defendants are not in good faith seeking to withdraw the accommodations from the rental market within the meaning and intent of the Act; that the time within which the possession of the accommodations was required to be delivered to the defendants has expired or is about to expire; that, unless restrained, the defendants will proceed to evict and remove the tenants, contrary to the provisions of the Act and the manifest purpose and policy of Congress; and that the defendants will operate the housing accommodations in violation of the Act and the Regulation, to the prejudice of the public welfare.

Count II of the complaint charges, in substance: that the defendants, in violation of the Act and the Regulation, have devised a scheme for the purpose of securing rentals for the housing accommodations in excess of the legal maximum rentals; that on or about May 28, 1948, the defendants served upon the tenants notices of termination of their tenancies, upon the alleged ground that the defendants desired possession of the housing accommodations for the purpose of withdrawing them from the rental market; that the defendants are not in good faith seeking to recover possession of the accommodations for that purpose; that, on the contrary, they are seeking possession for the purpose of renting the accommodations; that, if successful in evicting the tenants, the defendants propose to enter into alleged contracts of sale, and have in fact entered into such alleged contracts; that the contracts of sale are fictitious and sham; that the defendants do not intend to convey title to the alleged purchasers, but to convey a possessory or leasehold interest for payments constituting bonuses and rentals, within the meaning of the Act and the Regulation, in excess of legal maximum rentals; that certain rental agreements, which are specified, have already been consummated; that the defendants have entered into other similar agreements with persons unknown; that,

in furtherance of the unlawful scheme, the defendants have caused eviction notices to be served on the present tenants; and that, unless enjoined, the defendants will succeed in unlawfully removing the tenants and in depriving them of their rights and the protection afforded by the Act and the Regulation.

Count III of the complaint alleges, in substance: that many of the housing accommodations involved include both a house and a garage; that since on or about November 1, 1947, the defendants have been demanding and collecting as rentals from the tenants of such accommodations amounts in excess of the maximum legal rentals permitted under the Act and the Regulation, in violation of § 206(a) of the Act and of § 2(a) of the Regulation; that as to four of such accommodations, specified in the complaint, excessive rents have been charged by the defendants; that they have been collecting excessive rents for other such accommodations than those specified; and that the defendants, unless enjoined, will demand and receive from actual or prospective tenants, under rental agreements described in Count II of the complaint, amounts in excess of the legal maximum rentals.

The complaint was filed on August 11, 1948. On August 13 a motion for a preliminary injunction to preserve the status quo pending the final disposition of the case was filed by the plaintiff. A hearing on the motion was noticed for August 31. On August 23 the defendants filed a motion to dismiss the complaint on the ground that it failed to state a claim upon which relief could be granted. The motion of the plaintiff for a preliminary injunction and the motion of the defendants to dismiss came on for hearing on August 31. The District Court refused to permit the plaintiff to introduce evidence in support of his motion for a temporary injunction, upon the ground that the question whether the tenants of the defendants' housing accommodations could or could not lawfully be evicted was exclusively a question for the State courts.[1]

---

[1] The District Court said:
"The only question is whether or not these people are going to have a right to evict these tenants. This Court hasn't anything to do with eviction. If they have a right to evict tenants, it will be

On September 2, prior to the entry of the judgment of dismissal, the plaintiff moved to amend his complaint to show that on three occasions the defendants, after having served eviction notices, had re-rented the premises to others, and that, in many instances, the defendants, after serving such notices, withdrew them when they ascertained that the tenants were moving out. The court denied the plaintiff's motion to amend, stating, however, that "If the amendment were allowed your complaint would probably state a cause of action."

The plaintiff then moved for an injunction pending appeal, which was refused. The judgment of dismissal was entered September 2. The plaintiff immediately filed a notice of appeal. This Court, on September 16, 1948, granted an injunction to preserve the status quo during the pendency of the appeal, and provided for the advancement of the case for hearing upon the typewritten record on appeal.

Upon this appeal, we shall not decide questions of law which were not considered or ruled upon by the District Court. See Trapp v. Metropolitan Life Ins. Co., 8 Cir., 70 F.2d 976, 981; Montgomery Ward & Co., Inc., v. Langer, 8 Cir., 168 F.2d 182, 185. We gather from the record that, while the main reason for the dismissal of the complaint was the court's belief that all matters relating to eviction of tenants were within the exclusive jurisdiction of the State courts, the court was also of the view that bad faith on the part of the defendants was not sufficiently alleged, and that in no event should an injunction be granted which would interfere with the defendants' having recourse to the courts of the State for the protection of their property interests.

The Housing and Rent Act of 1947, as amended March 30, 1948, contains the following pertinent provisions.

"Sec. 206.(a)   It shall be unlawful for any person to offer, solicit, demand, accept, or receive any rent for the use or occupancy of any controlled housing accommodations in excess of the maximum rent prescribed under section 204 or otherwise to do or omit to do any act in violation of any provision of this title.

"(b) Whenever in the judgment of the Housing Expediter any person has engaged or is about to engage in any act or practice which constitutes or will constitute a violation of any provision of this title, he may make application to any Federal, State, or Territorial court of competent jurisdiction, for an order enjoining such act or practice, or for an order enforcing compliance with such provision, and upon a showing by the Housing Expediter that such person has engaged or is about to engage in any such act or practice a permanent or temporary injunction, restraining order, or other order shall be granted without bond."

"Sec. 209(a) No action or proceeding to recover possession of any controlled housing accommodations with respect to which a maximum rent is in effect under this title shall be maintainable by any landlord against any tenant in any court, notwithstanding the fact that the tenant has no lease or that his lease has expired, so long as the tenant continues to pay the rent to which the landlord is entitled unless—

"(1)   *   *   *

"(2)   *   *   *

"(3) the landlord has in good faith contracted in writing to sell the housing accommodations to a purchaser for the immediate and personal use and occupancy as

the state court that will enforce the right. If they haven't a right to evict tenants, the state court will decide that. I don't think this Court has anything to do with it at all. It is a waste of time to introduce evidence on that proposition before this Court. The whole proceeding has to culminate in an attempt to evict these tenants. I don't see that this Court can entertain such a question. "As I view it, it is the contemplation of the law, as amended, that the state courts handle eviction matters. Whatever attitude you may take on it, this proceeding here is the beginning of an eviction suit. I don't think this Court should have anything to do with it. I don't think this Court ought to pass on the conclusions in the complaint. "The motion to dismiss will be sustained."

housing accommodations by such purchaser;

"(4) * * *

"(5) the landlord seeks in good faith to recover possession of such housing accommodations for the immediate purpose of withdrawing such housing accommodations from the rental market, and such housing accommodations shall not thereafter be offered for rent as such; or

"(6) * * *

"Sec. 302. Nothing in this Act [Housing and Rent Act of 1948] or in the Housing and Rent Act of 1947, as amended, shall be construed to require any person to offer any housing accommodations for rent."

■ Section 206(b) of the Act authorized the Housing Expediter to bring this action. The fact that the State courts of South Dakota have exclusive jurisdiction of proceedings to evict tenants does not in any way impair or affect the right of the Expediter to maintain this enforcement action in the United States District Court for the purpose of securing an injunction against violations of the Act and the Regulation, and thereby effectuating, in the public interest, the policy and intent of Congress. See Porter v. Lee, 328 U.S. 246, 66 S.Ct. 1096, 90 L.Ed. 1199, and Porter v. Dicken, 328 U.S. 252, 66 S.Ct. 1094, 90 L. Ed. 1203.

■ The appellees are in no position on this appeal to assert that they are seeking in good faith to recover possession of their housing accommodations for the purpose of legitimate sale or to permanently withdraw the accommodations from the rental market, or that they are merely refusing to rent such accommodations (compare Taylor v. Bowles, Em. App., 145 F.2d 833, and Woods v. Durr, 3 Cir., 170 F.2d 976), since the complaint negatives those assertions.

■ On review of a judgment dismissing a complaint upon the ground that it fails to state a claim upon which relief can be granted, this Court is required to view the case in the aspect most favorable to the plaintiff and most unfavorable to the defendant. Donnelly Garment Co. v. International Ladies' Garment Workers' Union, 8 Cir., 99 F.2d 309, 316; Montgomery Ward & Co., Inc., v. Langer, 8 Cir., 168 F.2d 182, 185.

■ This Court has repeatedly said that there is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim pleaded. Leimer v. State Mutual Life Assur. Co., 8 Cir., 108 F.2d 302, 306; Sparks v. England, 8 Cir., 113 F.2d 579, 581, 582; Cohen v. United States, 8 Cir., 129 F.2d 733, 736; Louisiana Farmers' Protective Union, Inc., v. Great Atlantic & Pacific Tea Co., 8 Cir., 131 F.2d 419, 423, 424; Musteen v. Johnson, 8 Cir., 133 F.2d 106, 108; Publicity Building Realty Corporation v. Hannegan, 8 Cir., 139 F.2d 583, 586; Cool v. International Shoe Co., 8 Cir., 142 F.2d 318, 320; Dennis v. Village of Tonka Bay, 8 Cir., 151 F.2d 411, 412; Montgomery Ward & Co., Inc., v. Langer, 8 Cir., 168 F.2d 182, 185.

■ It seems obvious that, under the allegations of the complaint in the instant case, whether well pleaded or not, evidence would be admissible tending to prove that the defendants were not in good faith seeking to withdraw their housing accommodations from the rental market, but were engaged in ousting present tenants for the purpose of replacing them with others at higher rentals, and that the defendants were in some instances presently charging and collecting excessive rentals.

The District Court should not have attempted to determine the merits of the plaintiff's claims upon the allegations of his complaint. The court should have required the production of evidence, and should have found the facts before entering judgment. See Grain Belt Supply Co. v. Commissioner of Internal Revenue, 8 Cir., 109 F.2d 490, 492. As Mr. Justice Brandeis said in Myers v. Bethlehem Shipbuilding Corporation, 303 U.S. 41, 51, 52, 58 S.Ct. 459, 464, 82 L.Ed. 638, "Lawsuits * * * often prove to have been groundless; but no way has been discovered of relieving a defendant from the necessity of a trial to establish the fact."

We think the court erred in refusing to grant the plaintiff a preliminary injunction, in denying him leave to amend his complaint, and in entering a judgment of dismissal.

The judgment is reversed, and the case is remanded with directions to issue a preliminary injunction pending the suit, to grant the plaintiff leave to amend his complaint, and to try the case upon the merits.