McCOMB, Administrator of Wage and Hour Division, U. S. Dept. of Labor, v. JOHNSON et al.

No. 13905.

United States Court of Appeals Eighth Circuit.

June 15, 1949.

William A. Lowe, Attorney, Wage and Hour Division, United States Department of Labor, Washington, D. C. (William S. Tyson, Solicitor, Bessie Margolin, Assistant Solicitor, Joseph M. Stone and Joseph D. Mladinov, Attorneys, Washington D. C., and Reid Williams, Regional Attorney, Wage and Hour Division, United States Department of Labor, Kansas City, Mo., on the brief), for appellant.

Charles F. Lamkin, Jr., and Oscar S. Brewer, Kansas City, Mo. (Warrick, Brewer & Lamkin, Kansas City, Mo., on the brief), for appellees.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

This action was brought by the plaintiff (appellant) under § 17 of the Fair Labor Standards Act of 1938, c. 676, 52 Stat. 1060, 29 U.S.C.A. § 201 et seq., to enjoin the defendants (appellees) from violating the overtime and record-keeping requirements of the Act. On a motion of the defendants, the court dismissed the complaint for failure to state a claim upon which relief could be granted. This was done upon the theory that, under the allegations of the complaint, the defendants and their employees were not within the coverage of the Act. The plaintiff has appealed.

The facts, according to the complaint, are, in substance, as follows: The defendants, as partners, operate stone quarries in Missouri. They produce crushed stone and agricultural limestone. A substantial part of the crushed stone is purchased by the Missouri State Highway Department, County Highway Departments, Special Road Districts, and Townships, for use in maintaining and repairing highways and roads which constitute instrumentalities of interstate commerce. Substantially all of the agricultural limestone is used either in the production of grain and other crops which move in interstate commerce, or in the production of feed crops used in the feeding and production of livestock which is shipped and transported in interstate commerce. The production of agricultural limestone is a process necessary to the production of crops and livestock for interstate commerce. The defendants have failed to pay many of their 29 employees the overtime compensation required by the Act and have not kept the records required by the Act.

The bill of particulars filed by the plaintiff, in response to a motion of the defendants, states that neither the crushed stone nor the agricultural limestone produced by the defendant is shipped outside the State of Missouri.

In ruling upon the motion to dismiss the complaint, the District Court said:

"It is my view, gentlemen, that it was not the intent of Congress or anybody who helped to draw this act or had anything to do with it, that it should cover a situation of this kind. The Court, in making that statement and in passing upon this motion will, of course, assume as true that the use

of lime as fertilizer is necessary in the production of feed that is used in the production of livestock and, of course, will also assume that such feed is used in the production of stock that in turn goes into interstate commerce. The Court will also assume as a fact that the rock is being sold to the state highway department, to the county road districts, townships, etc., and in turn is being used by those purchasing agencies to maintain and repair highways and roads which are instrumentalities of interstate commerce.

"Assuming those facts to be true, as they are alleged in the petition, it is the opinion of the Court that the employees engaged in production of those commodities are not engaged in the production of goods for commerce or so closely related to commerce as to bring them within the provisions of the act and that, therefore, the motion to dismiss should be sustained, and that will be the order of the Court."

The contentions of the appellant are: (1) that the quarrying of limestone for the production of crops and feed for livestock, which crops and livestock are shipped in interstate commerce, is production of goods for commerce within the meaning of the Fair Labor Standards Act; (2) that the production of crushed stone used for the maintenance and repair of highways and roads which are instrumentalities of interstate commerce is also production of goods for commerce within the meaning of the Act; and (3) that the complaint should not have been dismissed without taking evidence.

We are in accord with the plaintiff's third contention. He may not be able to establish the claims stated in his complaint, but we think he is, at least, entitled to make the attempt. The issues tendered by the complaint are too important and far reaching to be decided upon an assumed state of facts gleaned from a pleading. Compare, Kennedy v. Silas Mason Co., 334 U.S. 249, 68 S.Ct. 1031, 92 L.Ed. 1347. The District Court's prognostication of the outcome of this case may eventually prove to be correct, but it was premature and based upon indefinite inferences which may have no basis in fact. We have twice before had occasion to point out the impropriety of deciding questions of coverage under the Fair Labor Standards Act upon motions to dismiss a complaint for failure to state a claim upon which relief could be granted. Musteen v. Johnson, 8 Cir., 133 F.2d 106, 108; Stratton v. Farmers Produce Co., Inc., 8 Cir., 134 F.2d 825, 827. The futility of attempting to terminate a lawsuit by granting such a motion, unless it presents a simple, definite, clear-cut issue of law, has been pointed out by this Court in many cases. See Woods v. Hillcrest Terrace Corporation, 8 Cir., 170 F.2d 980, 984, and cases cited.

We have no doubt that if this Court were to decide the question of the applicability of the Fair Labor Standards Act to the defendants' operations upon the present record, a petition for certiorari by the party aggrieved would result in the remand of the case by the Supreme Court to the District Court for a more complete record.

The order appealed from is vacated, and the case is remanded for trial on the merits.