## DUTTON et al. v. CITIES SERVICE DEFENSE CORP.

### No. 14400.

United States Court of Appeals
Eighth Circuit.

June 26, 1952.

Cooper Jacoway, Little Rock, Ark. (Talley, & Owen, Jacoway & Jacoway, Little Rock, Ark., and Maurice Mitchell, Boston, Mass., on the brief), for appellants.

Frank E. Chowning, Little Rock, Ark. (H. C. Walker, Jr., Shreveport, La., and Moore, Burrow, Chowning & Mitchell, Little Rock, Ark., on the brief), for appellee.

Before SANBORN, JOHNSEN, and COLLET, Circuit Judges.

SANBORN, Circuit Judge.

The question for decision is whether, by granting a motion of the defendant (appellee) for a dismissal of the complaint upon the ground that it failed to state claims of which the court had jurisdiction or for which relief could be granted, the District Court successfully terminated this action (a consolidation of a number of actions) brought to recover allegedly unpaid wages claimed to be due numerous plaintiffs and interveners (appellants), from the defendant under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. §§ 201–219, and the Portal-to-Portal Act of 1947, 29 U.S.C.A. §§ 251–262.

The plaintiffs and interveners have appealed from the order of dismissal of the action and also from an order denying their motion for summary judgment. Rule 56, Federal Rules of Civil Procedure, 28 U.S. C.A. We are satisfied that the latter order was not appealable. If their complaint stated claims upon which the District Court has jurisdiction to grant relief, the order denying the motion for summary judgment will not end this litigation nor preclude a

trial of the case upon the merits. The order is not final in any proper sense. See Morgenstern Chemical Co., Inc., v. Schering Corporation, 3 Cir., 181 F.2d 160, 161.

This Court has repeatedly pointed out the hazards involved in attempting to terminate litigation by dismissing a complaint for insufficiency of statement. To justify such a dismissal, it must appear as a matter of law that under no state of facts which could be proved in support of the claims pleaded would the plaintiff be entitled to any relief. See Woods v. Hillcrest Terrace Corporation, 8 Cir., 170 F.2d 980, 984, and cases cited. In the case of McComb v. Johnson, 8 Cir., 174 F.2d 833, 834, this Court said:

"* * * We have twice before had occasion to point out the impropriety of deciding questions of coverage under the Fair Labor Standards Act upon motions to dismiss a complaint for failure to state a claim upon which relief could be granted. Musteen v. Johnson, 8 Cir., 133 F.2d 106, 108; Stratton v. Farmers Produce Co., Inc., 8 Cir., 134 F.2d 825, 827. The futility of attempting to terminate a lawsuit by granting such a motion, unless it presents a simple, definite, clear-cut issue of law, has been pointed out by this Court in many cases. * * *"

So far as pertinent here, the Portal-to-Portal Act of 1947 provides:

"§ 252. [29 U.S.C.A.] * * *

"(a) No employer shall be subject to any liability or punishment under the Fair Labor Standards Act of 1938, as amended, * * * for or on account of any activity of an employee engaged in prior to May 14, 1947, except an activity which was compensable by either—

"(1) an express provision of a written or nonwritten contract in effect, at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer; or

"(2) a custom or practice in effect, at the time of such activity, at the establishment or other place where such employee was employed, covering such activity, not inconsistent with a written or nonwritten contract, in effect at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer.

* * * * * *

"(d) No court of the United States, of any State, Territory, or possession of the United States, or of the District of Columbia, shall have jurisdiction of any action or proceeding, whether instituted prior to or on or after May 14, 1947, to enforce liability or impose punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act of 1938, as amended, under the Walsh-Healey Act, or under the Bacon-Davis Act, to the extent that such action or proceeding seeks to enforce any liability or impose any punishment with respect to an activity which was not compensable under subsections (a) and (b) of this section."

The complaint alleged, in effect, that the plaintiffs while employed by the defendant were engaged in activities compensable under the Portal-to-Portal Act by virtue of a custom and that they had not been fully paid. At the hearing on the motion to dismiss, the defendant recognized that the issue of the existence of such a custom was tendered by the complaint. The court permitted the defendant to introduce evidence upon that issue. That evidence cannot, of course, be regarded by us as having changed the allegations of the complaint.

The District Court is subject to little criticism for entering the order of which the plaintiffs and interveners complain. Counsel and the court apparently knew or were convinced that they knew what evidence was available relative to the claims stated in the complaint; this because of similar prior litigation involving similar claims of similar employees of the defendant which had been adjudicated prior to the passage of the Portal-to-Portal Act.

The motion to dismiss the complaint became commingled with the motion of the plaintiffs and interveners for summary judgment and with a pre-trial conference. The case was virtually argued to the District Court upon the merits, instead of upon the sufficiency of the claims as stated in the complaint. The plaintiffs and interveners contended that they were entitled to summary judgment because the activities upon which their claims were based were clearly compensable under the Fair Labor Standards Act as modified by the Portal-to-Portal Act. The defendant contended that the latter Act had made the activities referred to in the complaint noncompensable and that the complaint should be dismissed.

■ The District Court may have known that the plaintiffs and interveners would be unable, upon a trial, to establish what they alleged, and that, after their evidence was in, the court would be without jurisdiction to grant them any relief. But upon this appeal from the order of dismissal, this Court is precluded from considering more than is alleged in the complaint, and may not speculate as to whether the evidence at a trial would negative jurisdiction because of the Portal-to-Portal Act.

Conceivably, the parties may be able to stipulate all of the essential evidentiary facts and to secure from the District Court a determination of the issues on a motion or motions for summary judgment. If that cannot be done, we think the controverted issues will have to be tried on the merits in order to ascertain whether, under the provisions of the Portal-to-Portal Act, the District Court has jurisdiction to grant any relief. The latter alternative would seem to be the safer course to pursue.

■ The order dismissing the complaint is vacated. The appeal in so far as it challenges the validity of the order denying the motion of the plaintiffs and interveners for summary judgment is dismissed. The case is remanded for further proceedings not inconsistent with this opinion.