See also 15 F.R.D. 52.

**TOBIN, Secretary of Labor, v. CHAM-BERS CONST. CO.**

**Civ. A. No. 24-52.**

United States District Court
D. Nebraska, Lincoln Division.

July 9, 1952.

---

9. See footnote 8, supra.

**48**

William S. Tyson, Washington, D. C., Francis M. Cook and William C. Cull, Kansas City, Mo., for plaintiff.

Max Kier, Lincoln, Neb., for defendants.

DELEHANT, District Judge.

Ruling is now made upon motions separately tendered by the several defendants and directed at the complaint. The complaint seeks injunctive relief against both defendants, the corporation, a concern engaged in the general contracting business with some emphasis upon sewer and water line construction and reconstruction, and the individual, its alleged president and managing officer, forbidding their violation of sections 15(a) (1), 15(a) (2), and 15(a) (5) of the Fair Labor Standards Act of 1938, as amended, Title 29 U.S.C.A. § 201 et seq.

Each motion in its entirety must be and is being denied and overruled. The reasons for such action are now mentioned briefly.

■ Both motions assail the complaint as violative of Standing Rule 3 of this district whereby attorneys residing outside the district are required to associate with themselves a resident attorney on whom notice may be served and by whom the client may be effectively represented. Counsel for the plaintiff, being respectively the Solicitor, the regional attorney, and an attorney for the United States Department of Labor, none of whom resides in Nebraska, indicated on oral argument, through the one of their number last identified, that they had arranged for local representation and association in this case through the office of the United States Attorney for the district. But the judges of the district have not administered the rule in such manner as to require the United States or its various agencies to retain local counsel for the institution of actions in the court or to deny to the national government or its agencies the right to appear here through its or their officially designated solicitors or attorneys irrespective of their places of residence.

■ The complaint is also attacked through motion to dismiss by both defendants as failing to state a claim on which relief can be granted, and by L. H. Chambers especially because it fails to allege as against him the existence of a personal liability on his part to the employees affected for wages as a necessary element of his status as an employer under the Act and its implementing regulations. In fact, although the motions were argued orally in their entirety by counsel for both defendants, special emphasis was put upon this aspect of the individual defendant's motion; and it alone is advanced in the typewritten brief of the defendants. That challenge neglects—or perhaps protests against—the proper office of the complaint in the system of practice erected by the Federal Rules of Civil Procedure, 28 U.S.C.A. And its presentation is essentially after the manner of the submission of a general demurrer, which, it is appropriate again to emphasize, has no standing in this court either in its own name or under a disarming alias.

■ A complaint is not vulnerable to a motion under Rule 12(b) (6) to dismiss

for failure to state a claim upon which relief can be granted, unless under the complaint liberally construed in the light most favorable to the plaintiff and with all doubts resolved in his favor, it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim asserted by him. Cool v. International Shoe Co., 8 Cir., 142 F.2d 318; Leimer v. State Mutual Life Assurance Co., 8 Cir., 108 F.2d 302; Woods v. Hillcrest Terrace Corp., 8 Cir., 170 F.2d 980; Sparks v. England, 8 Cir., 113 F.2d 579; Louisiana Farmers' Protective Union, Inc., v. Great Atlantic & Pacific Tea Co., 8 Cir., 131 F.2d 419; Publicity Building Realty Corp. v. Hannegan, 8 Cir., 139 F.2d 583; United States v. Arkansas Power & Light Co., 8 Cir., 165 F.2d 354.

That rule has specifically been applied in actions brought under the Fair Labor Standards Act, whether for the recovery of damages, Musteen v. Johnson, 8 Cir., 133 F.2d 106; Stratton v. Farmers Produce Co., 8 Cir., 134 F.2d 825; Dutton v. Cities Service Defense Corporation, 8 Cir., 197 F.2d 458, or for injunctive relief against violation. McComb v. Johnson, 8 Cir., 174 F.2d 833. With pointed admonition both to trial courts and to counsel, the Court of Appeals, eighth circuit, in Dutton v. Cities Service Defense Corp., supra [197 F.2d 459], very recently said:

"This Court has repeatedly pointed out the hazards involved in attempting to terminate litigation by dismissing a complaint for insufficiency of statement. To justify such a dismissal, it must appear as a matter of law that under no state of facts which could be proved in support of the claims pleaded would the plaintiff be entitled to any relief. See Woods v. Hillcrest Terrace Corporation, 8 Cir., 170 F.2d 980, 984, and cases cited. In the case of McComb v. Johnson, 8 Cir., 174 F.2d 833, 834, this Court said:

" ' * * * We have twice before had occasion to point out the impropriety of deciding questions of coverage under the Fair Labor Standards Act upon motions to dismiss a complaint for failure to state a claim upon which relief could be granted. Musteen v. Johnson, 8 Cir., 133 F.2d 106, 108; Stratton v. Farmers Produce Co., Inc., 8 Cir., 134 F.2d 825, 827. The futility of attempting to terminate a lawsuit by granting such a motion, unless it presents a simple, definite, clear-cut issue of law, has been pointed out by this Court in many cases. * * * ' "

■ The complaint alleges the status of both defendants as employers under the Act, their engagement in commerce with some particularizing detail, and, in general terms, their violation of the three mentioned subsections of the Act. The court may not say with dispositive finality that within the framework of that pleading no set of facts could be proved which would support relief against the moving defendants.

And the observation last made has full application to the individual defendant. The failure of the complaint to allege each and every factual element requisite to his status as an employer, even if such failure be granted, does not justify its dismissal upon his motion. That he is such an employer is by the complaint averred, and not demonstrated through specific allegations to be either mistaken or false. The validity of his characterization as an employer must be determined after the formulation of the issues, probably upon the formal trial of the action, possibly after appropriate discovery proceedings, by summary judgment.

■ Finally, and alternatively, the motions, in language suggestive rather of the Nebraska state court practice than of Rule 12(e), demand the more definite statement of the plaintiff's claim in sundry identified particulars. Of that portion of the motions it need be observed

only that the complaint, at the points aimed at, is not "so vague or ambiguous that" each or either of the several moving parties "can not reasonably be required to frame a responsive pleading" to it. And unless vagueness or ambiguity in such degree and of such character exists, motions for more definite statement may not properly be allowed, and, in fact, are not provided for in the rules. United States v. Association of American Railroads, D.C.Neb., 4 F.R.D. 510. Each defendant will be able without difficulty or confusion to prepare its or his answer to the several charges made in the complaint. And they should be expected and required to do so.

It is true that much, if not all, of the details sought in the motion for more definite statement may appropriately be brought into the files of the action before trial. But this should and must be done through resort to those of the rules providing for discovery which may be appropriate in the circumstances of the case. It may be mentioned that certain of the information sought by the defendants has already been provided informally by the plaintiff. However, the court would not have compelled its disclosure upon motion for more definite statement at this stage of the case.

An order is being entered accordingly.