DURKIN, Secretary of Labor v. J. B. McCRARY CO., Inc. et al.

No. 14311.

United States Court of Appeals, Fifth Circuit.

Aug. 6, 1953.

278

Bessie Margolin, Asst. Sol., U. S. Dept. of Labor, Washington, D. C., Jeter S. Ray, Acting Sol., Washington, D. C., William S. Tyson, Sol., William A. Lowe, Sylvia S. Ellison, Attys., United States Department of Labor, Washington, D. C., Beverley R. Worrell, Regional Atty., Birmingham, Ala., for appellant.

Max F. Goldstein, Atlanta, Ga., B. D. Murphy, James N. Frazer and Elliott Gold-stein, Atlanta, Ga., Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., of counsel, for appellees.

Before HOLMES, STRUM, and RIVES, Circuit Judges.

STRUM, Circuit Judge.

This suit was instituted by the Secretary of Labor pursuant to section 17 of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 217, to restrain the defendant McCrary Companies from violating the minimum wage and overtime compensation provisions of sections 6 and 7 of said Act, 29 U.S.C.A. §§ 206, 207.

The sole question is whether or not the defendants are within the coverage of the Act. The district judge answered that question negatively on the pleadings, and dismissed the complaint, from which judgment the Secretary of Labor appeals.

Briefly, the complaint as amended alleges that the defendant McCrary Company and the defendant McCrary Engineering Corporation, as independent contractors, operate together in constructing and maintaining municipal water and sewer systems which serve industrial plants engaged in the production of goods for interstate commerce.[1] The complaint further alleges that by reason of the facts stated in note 1, and because of other similar projects, the water and sewer work performed by the defendants is so closely related and directly essential to the production of goods for commerce as to bring defendants within the coverage of the Act.

The trial court found that although the facilities of the water and sewer systems constructed by defendants are furnished by the municipalities to industries engaged in the production of goods for commerce, and

---

1. For example, it is alleged that defendant J. B. McCrary Company, Inc., constructed a sewer line for Summerville, Georgia, as an extension of its municipal sewerage system, and defendant J. B. McCrary Engineering Corporation designed and constructed a water conditioning plant, as well as a water pumping plant, and laid some 6,000 feet of water line for Jasper, Georgia. The extended sewer line for Summerville, Georgia, provided increased disposal facilities for the exclusive use of Georgia Rug Mill, Inc., a division of the Bigelow-Sanford Carpet Company, Inc., in emptying its dye vats, and enabled the rug mill to expand its operations in the production of goods for commerce. The work for Jasper, Georgia, was performed in connection with the city's existing water system which serves at least three interstate producers who use water in their operations.

are essential to such production, the defendants and their employees worked only for municipalities, and the municipalities are not engaged in commerce. Being of the opinion that the purely local functions of the municipalities effectively intervene between the services performed by the defendants and the production by others of goods for commerce, so that there is a distinct break in the chain of events, and since neither the defendants, nor any of their employees, sustain any relation with anyone engaged in commerce, the district judge held that the defendants were not within the coverage of the Act.

■ We express no opinion on the ultimate question of coverage, because that question should be determined upon a consideration of the evidence, with all its implications, rather than upon the terse allegations of a pleading. The complaint alleges, *inter alia,* that defendants' employees are "engaged in closely related processes and occupations directly essential to the production of goods for interstate commerce." An equivalent allegation was held sufficient by this court in Moore v. J. A. Jones Construction Co., 5 Cir., 163 F.2d 1014, and the cause remanded for trial on the evidence.

The desirability of resting final decision as to coverage of the Act upon evidence rather than allegation has been recognized by this and other courts. Thus, in De Loach v. Crowley's, Inc., 5 Cir., 128 F.2d 378, 380, in which, as here, the appeal was from a judgment granting a motion to dismiss the complaint, this court reversed because coverage of said Act "is a question deserving trial." It was also there said that under the new rules of civil procedure "cases are generally * * * tried on the proofs rather than the pleadings." And in Kennedy v. Silas Mason Co., 334 U.S. 249, 257, 68 S.Ct. 1031, 1034, 92 L.Ed. 1347, 1351, it was said to be "good judicial administration to withhold decision of the ultimate questions involved * * * until * * * (the) record shall present a more solid basis of findings based on litigation or on a comprehensive statement of agreed facts." Compare also Des Isles v. Evans, 5 Cir., 200 F.2d 614.

■ In actions under the Fair Labor Standards Act, there is a special necessity for having detailed knowledge of all pertinent facts relating to the nature of an employer's business, and of the work done by the employees, before reaching a conclusion as to whether the employee is or is not within the purview of the Act. Musteen v. Johnson, 8 Cir., 133 F.2d 106, 108; Stratton v. Farmers Produce Co., 8 Cir., 134 F.2d 825, 827.

■ For these reasons the cause should have been retained for determination upon the facts rather than upon the pleadings.

Reversed and remanded.