Daniel R. **MAHANY** et al., Plaintiffs,

v.

Charles **GROGAN** et al., Defendants.

No. 64 C 405(1).

United States District Court
E. D. Missouri, E. D.

Sept. 8, 1965.

17. 359 U.S. at 202, 79 S.Ct. at 675, 3 L. Ed.2d at 738.

Bart Mantia, St. Louis, Mo., for plaintiffs.

Gaylord C. Burke and Wm. M. Howard, St. Louis, Mo., for defendants Steiner, LeDesky, and Gutman.

Clyde E. Craig and Harry H. Craig, St. Louis, Mo., for defendants Grogan, Craden and Capps.

HARPER, Chief Judge.

This matter is before the court on two motions filed by the various defendants herein. The defendants, Ben Gutman Truck Service, Inc., Joe Steiner, Jr., Lloyd LeDesky, and Ben Gutman, Jr., have filed a motion to dismiss plaintiffs' amended complaint for failure to state a cause of action, and the balance of the defendants have filed a motion to dismiss plaintiffs' amended complaint for failure to state a cause of action or in the alternative for summary judgment.

The pleadings, affidavits and exhibits filed in this cause of action disclose that the plaintiffs are employees of Dixie Highway Express Company, and members of Local Union No. 600, hereinafter referred to as the Local Union. Defendants are officers and representatives of the Local Union, officers and representatives of Gutman Truck Service, Inc., The Gutman Truck Service, Inc., The International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America, hereinafter referred to as the Teamsters, and the Central States Drivers Council, hereinafter referred to as the Central States Council.

In January of 1964, the Local Union ratified a collective bargaining contract negotiated on a national scale by the Teamsters, with supplemental agreements negotiated by the Central States Council. Subsequent to this ratification, local agreement was reached on strictly local matters, more particularly as to starting times for the drivers employed by local trucking companies. In the early spring of 1964, defendant Gutman Truck Service, Inc., reached an agreement with officials of the Local Union to alter the starting times for some of its drivers. This change was submitted to the employees of Gutman Truck Service, Inc., who were members of the Local Union, and the change was approved by a secret vote. In June, 1964, this rider clause was approved by the Central States Council and put into effect.

Plaintiffs subsequently brought this action to enjoin the application of the rider clause, and to enjoin the parties to the rider from attempting to apply the clause and from attempting to negotiate further changes.

Defendant, Local Union, is the authorized bargaining representative of the employees of defendant, Gutman Truck Service, Inc., and also of the plaintiffs in their job. They are the sole bargaining agent. It is the expressed policy of the Federal Government to favor collective bargaining through representatives of the employees and the employer. This policy is specifically stated in the Labor Management Relations Act of 1947, as amended in 29 U.S.C.A. § 102. This being established, it must be remembered that the terms of employment are determined by negotiations between the employer and the union, which terms of employment may be either ratified or rejected by the membership of the local union, and it is only the rider clause affecting the change in starting times that is under discussion here.

This rider clause affected only one segment of the Local Union membership. It

dealt with a particularly individual circumstance. It dealt with the time of one company and its employees. In keeping with the established labor policy mentioned above, the Local Union and the employer, Gutman Truck Service, Inc., negotiated the change, and the change was approved by a majority of the employees affected. The Local Union was not representing the plaintiffs, because the plaintiffs were not employees of the Gutman Truck Service, Inc., and not affected by the change.

■ The plaintiffs' suit does not state a cause of action upon which relief could be granted because both the National Master Freight Agreement, negotiated by the Teamsters, and the Central States Area Local Cartage Supplement Agreement, provide, particularly at Art. 1, Sections 1, 2 and 3, and Art. 2, Sections 1, 2 and 3 of the Master Agreement, that supplemental agreements are contemplated to take care of strictly local matters. The starting times agreed upon by the Local Union and Gutman were not dealt with in either the Master Agreement nor the Local Cartage Supplemental Agreement. It did not conflict with any provision of the two above mentioned parts of the final agreement. In this way, Art. 6, Sec. 2 of the Master Freight Agreement, which prohibits any agreement not in accordance with the Master Freight Agreement, is not operative.

The plaintiffs have not stated a cause of action, since to allow members of a union, who are not affected by the terms of a negotiated agreement, to interject their opinions in a matter which has been settled by the employer and the representatives of the employees affected, and approved by a majority of the working force which is represented by the Local Union, would be to strike at the very heart of the expressed policy of the Federal Government which has preempted the field of interstate labor.

If the plaintiffs had been a part of the number who had been directly affected by the change in starting times, and had voted against the change, they would have their first place of attacking the change within the structure of the union. Such ability to settle internal grievances is set out in the Constitution of the Teamsters in Art. 6, Sec. 2(a), and other places. The plaintiffs have not shown that they have made any attempt to settle this problem, nor have they shown that any attempt to do so would be fruitless.

■ The provisions of 29 U.S.C.A. § 185, which allow a member of a union to bring suit against the company employer or the union representative for breach of contract, are couched in such language that the party attempting to bring suit must be a party aggrieved. But plaintiffs in this action have not shown that they are parties aggrieved, nor can they so show, since the change in starting times for employees of the Gutman Truck Service, Inc., in no way affects the jobs, working conditions or wages of the plaintiffs.

What is present before the court is that a disinterested party is seeking to upset the good faith bargaining of an employer and his employees through their legally recognized representatives.

■ While the plaintiffs do not state a cause of action upon which relief can be granted, normally the court would grant to the plaintiffs the right to file an amended petition, but since the petition, the exhibits and the affidavits before the court completely set out the state of facts with respect to this matter it appears to the court that under no state of facts which could be proved in support of the claim pleaded would the plaintiffs be entitled to relief. Under those circumstances a dismissal is in order, and it is not necessary to grant the right to file amended pleadings. Dutton v. Cities Service Defense Corp., 8 Cir., 197 F.2d 458.

Further, insofar as a number of the defendants are concerned, there is a motion for summary judgment, which, of course, should be sustained, and the court under the circumstances here could treat the motion to dismiss of the other defendants as a motion for summary judgment, which likewise would dispose of the mat-

ter, but under the circumstances here, since only part of the defendants have filed a motion for summary judgment, the separate motions of the defendants to dismiss for failure to state a cause of action will be sustained, and the cause is dismissed as to all defendants.