**WALLING, Adm'r of Wage and Hour Division, U. S. Dept. of Labor, v. REID et al.**

**No. 12616.**

Circuit Court of Appeals, Eighth Circuit.

Dec. 2, 1943.

324

Hugh McCloskey, Atty. U. S. Dept. of Labor, of Washington, D. C. (Douglas B. Maggs, Sol., and Bessie Margolin, Asst. Sol., both of Washington, D. C., and Kenneth P. Montgomery, Regional Atty., of Chicago, Ill., on the brief), for appellant.

J. Adrian Rosenburg, of Jackson, Mich. (Rosenburg, Painter & Navarra, of Jackson, Mich., and Crofoot, Fraser, Connolly & Stryker, of Omaha, Neb., on the brief), for appellees.

Before SANBORN and RIDDICK, Circuit Judges, and DELEHANT, District Judge.

RIDDICK, Circuit Judge.

The sole question presented on this appeal is whether the district court properly granted a summary judgment dismissing a

complaint in an action brought by the Administrator of the Wage and Hour Division, United States Department of Labor, to enjoin alleged violations of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq.

The complaint charged that the defendants were engaged in the production for interstate commerce and in the transportation in interstate commerce of photographic developments, negatives, enlargements, and postcards, and in the processes and occupations necessary to such production and transportation; that defendants had failed to meet the standards of the Fair Labor Standards Act with reference to minimum wages and overtime compensation for their employees; that they had failed to comply with the regulations of the administrator concerning the keeping of records of the hours of work and rates of pay of such employees; and that they had discriminated against one employee by discharging her because she had testified or was about to testify in proceedings pursuant to the provisions of the Fair Labor Standards Act.

The defendants moved for a summary judgment on the grounds: (1) That defendants had not knowingly or willfully violated the provisions of the Fair Labor Standards Act; (2) that since the institution of the suit, the defendants had placed "their employees on an hourly basis with time and a half for overtime beyond forty hours per week, with wage rates equal to and in excess of the minimum wages prescribed by such Act"; (3) that there was no reasonable probability that future violations of the act would be committed by the defendants; and (4) that the wage and hour provisions of the act did not apply to the employees of these defendants because they were engaged in a retail or service establishment, the greater part of whose selling and servicing was in intrastate commerce.

At the hearing on the motion for summary judgment the court made the following findings of fact:

"That the general nature of defendants' business is the developing and printing of exposed photographic films which they secure through druggists and others whom they have appointed as agents to secure rolls of film from amateur photographers for development. That such films are developed by means of certain chemical processes generally used in such industry and prints are made from same. That the developed film and a print from same is returned to the customer through such agencies, and a charge is collected. That defendants have one price which they make to all customers, regardless of whether the rolls of film are secured through agencies or brought direct to their place of business. That they occasionally make extra prints, postal cards and enlargements and sell some photographic supplies to their agencies, but same constitutes a very small portion of their business. That they generally have about sixteen employees in their service but such number varies to some extent from time to time. That the greater portion of defendants' work and business is confined to the State of Nebraska.

"That prior to October 1938, the effective date of the 'Fair Labor Standards Act of 1938,' the defendants had generally hired their employees upon a weekly or monthly salary basis, and the number of hours worked depended upon the season of the year and the number of films available. That they made some attempt to readjust wage scales and hours of labor when the Act went into effect but they were advised by the Master Photo Finishers of America that the character of their work was such that it was exempt under Section 213(a) (2) of the Act, as a retail and service establishment the greater part of whose selling or servicing is in intrastate commerce. That, acting upon such advice, they made no further attempt to place their employees under the minimum wage and maximum hour requirements of the Act. That in June 1941 plaintiff's predecessor issued Interpretative Bulletin No. 6, and, in Paragraph 79 of same, determined that photo finishers were engaged in manufacturing pictures and that the exemption provided in Section 213(a) (2) was inapplicable to them. That following such time, the defendants, acting upon the advice of the attorney for the Master Photo Finishers of America and their own attorney, disputed the correctness of Paragraph 79 of Interpretative Bulletin No. 6, but on December 19, 1941 the defendants advised Samuel P. McChesney, plaintiff's Regional Attorney, and plaintiff's attorney Thomas O. Moxcey, at plaintiff's office in Omaha, that effective January 1, 1942 their employees would be placed upon a basis which would meet the requirements of the Act with reference both to minimum wages and maximum hours. That they later confirmed this decision to the plaintiff by letters from their attorney, and since January 1, 1942 their

employees have been paid wages which meet the requirements of the Act with reference both to minimum wages and maximum hours. That there is no reasonable likelihood or cause to believe that violations of the Act will be committed in the future by the defendants in their business."

In view of these findings the court concluded that it was not necessary for it to determine whether the defendants conducted a retail or service establishment within the meaning of section 13(a) (2) of the Fair Labor Standards Act, exempting employees in such establishments from the provisions of the act; that, because of defendants' compliance with the wage and hour requirements of the act, the question of whether or not defendants were exempt under section 13(a) (2) was moot; that, for the same reason, it was unnecessary for the court to make any determination concerning the charge of discrimination against one of its employees; and further that, in view of defendants' compliance with the act and because there was no reasonable likelihood or cause to believe that further violations would be committed by the defendants, plaintiff was not entitled to an injunction.

The district court reached its decision on the allegations of the complaint and on evidence, in the form of affidavits, filed by the parties in support of and in opposition to the motion for summary judgment. It clearly appears from the affidavits filed on behalf of defendants that, prior to the bringing of the action, they had never attempted to meet the standards of the Fair Labor Standards Act with reference to wages, hours, or the keeping of records. They say that more than three months after the complaint was filed they abandoned their claim of exemption under section 13(a) (2) of the Act, and began full compliance "as to minimum wages and maximum hours and overtime;" that this policy had been in effect for approximately one year; and that they intended to continue it even though later it should be held by the courts that their claim of exemption was sound. But they say nothing about meeting the requirements of the act and the regulations of the administrator pursuant to it concerning the keeping of records of the hours and wages of their employees. They deny the charge in the complaint that they discriminated against one of their employees, but this denial is directly contradicted by the affidavit of the employee in question

and by that of another employee, filed on behalf of the administrator. The affidavits of the defendants do not assert that they intend in the future to comply with the record-keeping provisions of the act, nor that they will refrain from discriminating against employees in violation of section 15(a) (3) of the Act. These issues, raised on the complaint, are not removed from the action by anything in defendants' affidavits.

Ignoring for the moment defendants' claim of exemption under section 13 (a) (2), it is clear that the evidence before the court concerning defendants' compliance with the act was not sufficient to show that, beyond doubt, there was no material issue of fact in dispute between the parties, and that defendants were entitled to a judgment as a matter of law. Rule 56, Rules of Civil Procedure, 28 U.S.C.A. following section 723c. We can not agree that the mere ex parte statements of defendants charged with violations of law, admitting the violations charged but asserting in general terms that after the suit was instituted defendants ceased their illegal practices and will not again be guilty of them, are sufficient to justify a court in entering a summary judgment in favor of defendants. Especially is this true where, as here, the record shows that the defendants successfully resisted every effort of the plaintiff to make an independent examination of defendants' records to determine either the nature and extent of past violations of the Fair Labor Standards Act or the truth of defendants' claim of compliance. "Cross-examination of the party and a reasonable examination of his records by the other party frequently bring forth further facts which place a very different light upon the picture." Toebelman et al. v. Missouri-Kansas Pipe Line Company, 3 Cir., 130 F.2d 1016, 1022. See Walling v. Fairmont Creamery Company, 8 Cir., 139 F.2d 318, and cases cited.

Nor can we agree with defendants' contention that the summary judgment in their favor may be sustained because of the exemption contained in section 13(a) (2), which provides that the minimum wage and maximum hour provisions of the Fair Labor Standards Act shall not apply with respect to "any employee engaged in any retail or service establishment the greater part of whose selling or servicing is in intrastate commerce." The section "creates an exception to the general scope of the Act, and hence is subject to strict construction."

Fleming v. Hawkeye Pearl Button Co., 8 Cir., 113 F.2d 52, 56. One claiming the benefit of an exemption from a statute of general application has the burden of bringing himself clearly within it. The determination of whether a given enterprise falls within the classification "retail or service establishment," as used in the Fair Labor Standards Act, presents difficult questions of fact and law which may not ordinarily be decided upon the ex parte affidavits of the operators of the enterprise, nor upon anything less than a full and careful inquiry into all the facts and circumstances connected with its operation. Compare Musteen v. Johnson, 8 Cir., 133 F.2d 106, 108; Stratton v. Farmers Produce Company, 8 Cir., 134 F.2d 825, 827. And see Interpretative Bulletin No. 6 of the Wage and Hour Division, United States Department of Labor.

 Defendants in their affidavits assert that their business is principally the development and printing of exposed photographic film for the individual owners to whom they render a service at a retail price. On the other hand, by Interpretative Bulletin No. 6, the Department of Labor classified the business in which defendants are engaged as a manufacturing operation and not as a retail or service establishment. And defendants' affidavits show the apparent contention on the part of the Department that defendants' customers were drugstores and not the individual owners of the film. Defendants' place of business was located in Omaha, Nebraska. Operations were conducted through 108 drugstores, which received the films from the owners and transmitted them to defendants for developing and printing. The greater part of the drugstores were in Nebraska, but some were in other States. Defendants admit that they also sold some photographic supplies to the drugstores. On the evidence before the district court we think it impossible to determine with certainty whether defendants' business enterprise was either a retail establishment or a service establishment. The departmental interpretation of the exemption relied on is entitled to great weight here. Clearly no court would be justified in overruling it except after full inquiry into all pertinent facts relative to the nature of the business in question.

Moreover, the cessation of violations of law, under official pressure or after suit is brought by a public agency to restrain their continuance, does not alone render moot the issues in the case, nor in every case require of the district court in the exercise of its sound discretion the denial of a restraining order. Fleming v. Jacksonville Paper Company, 5 Cir., 128 F.2d 395, 399; Walling v. Haile Gold Mines, Inc., 4 Cir., 136 F.2d 102, 104; Compare Walling v. T. Buettner and Co., 7 Cir., 133 F.2d 306, 308; Walling v. Shenandoah-Dives Mining Co., 10 Cir., 134 F.2d 395, 397; Walling v. Emery Wholesale Co., 5 Cir., 138 F.2d 548, decided November 3, 1943.

On the showing made on the pleadings and affidavits on the motion for summary judgment the defendants were not entitled to judgment as a matter of law.

The judgment appealed from is reversed, and the case remanded with directions to reinstate the complaint and for further proceedings not inconsistent with this opinion.