**TOBIN, Secretary of Labor, for and on behalf of WILEY v. WILSON.**

No. 50 C 1168.

United States District Court
N. D. Illinois. E. D.
April 24, 1951.

William S. Tyson, Solicitor, U. S. Dept. of Labor, and John J. Babé, Assistant Solicitor, Washington, D. C., Herman Grant, Regional Atty., and Edward J. Calihan, Jr., Chicago, Ill., for plaintiff.

Philip G. Bixler, Chicago, Ill., for defendant.

SULLIVAN, District Judge.

This is a motion by plaintiff to strike from defendant's amended answer subparagraphs (1) and (3) of defense numbered 2, defense numbered 3 except the last sentence thereof, defense numbered 4, and defense numbered 9.

Plaintiff Maurice J. Tobin, Secretary of Labor, brings this action for and on behalf of Joseph E. Wiley to recover from defendant unpaid overtime compensation due to the said Joseph E. Wiley under the provisions of the Fair Labor Standards Act of 1938, Act of June 25, 1938, c. 676, 52 Stat. 1060, 29 U.S.C.A. § 201 et seq.

Defendant has filed an amended answer in which he admits the existence of the Act, but denies its application to himself, his business, or "plaintiff's usee". Further-

more, the defendant has pleaded certain other defenses which deny this Court's jurisdiction, deny that plaintiff has brought this action under the provisions of Section 16(c) of the Act, as amended, and deny that plaintiff can bring this action "on behalf of anybody". Plaintiff moves the Court for leave to strike the latter defenses on the ground that they are insufficient in law, redundant, and immaterial as being a statement of unnecessary particulars.

On January 25, 1950, amendments to the Fair Labor Standards Act of 1938 went into effect. In addition to provisions not in any way affecting the issues in the instant case, Section 16 of the Act was amended by the addition of subsection (c). Subsection (c) provides in substance that the Administrator is authorized to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees. When a written request is filed by any employee with the Administrator claiming unpaid minimum wages or unpaid overtime compensation, the Administrator may bring an action to recover the amount of such claim: "Provided, That this authority to sue shall not be used by the Administrator in any case involving an issue of law which has not been settled finally by the courts, and in any such case no court shall have jurisdiction over such action or proceeding initiated or brought by the Administrator if it does involve any issue of law not so finally settled."

It is plaintiff's contention that the defense in subparagraph (1) of defense numbered 2 is insufficient in law. The defense asserted was that because the Act under certain circumstances provides an exemption from the operation of Section 6 and Section 7 of the Act, this Court is thus deprived of jurisdiction to hear this cause. Thus, defendant, having raised a question as to whether under the facts he is entitled to a 13(a) (2) exemption, assumes that he is entitled to said exemption and within the said subparagraph (1) pleads this as a bar to the Court's jurisdiction under Section 16(c) of the Act.

■■ Plaintiff asserts that the defense raised by defendant which is provided by said section may be available, depending upon the facts as they are developed at the trial, but it must be affirmatively raised, the burden of proof borne by the defendant, Helliwell v. Haberman, 2 Cir., 140 F.2d 833, and the issue decided by the Court, a function which it could not perform unless it has jurisdiction. The defendant cannot deprive the Court of jurisdiction by raising a defense which is itself dependent upon the exercise of jurisdiction. The Fair Labor Standards Act is a law regulating commerce. United States v. Darby, 312 U.S. 100, 61 S.Ct. 451, 85 L.Ed. 609. Since plaintiff's right of action is given by section 16(c) of the Act, it necessarily follows that this is an action arising under the law regulating commerce. Thus the court has power to hear and determine issues involved in this case. Martin v. Lain Oil & Gas Co., D.C., 36 F.Supp. 252.

■■ What defendant is actually contending is that plaintiff has failed to state a cause of action, because he has not negatived the applicability of section 13(a) (2). Since this defense goes to the cause of action rather than jurisdiction, it is insufficient at law and should be stricken. A plaintiff in order to state a cause of action under the Fair Labor Standards Act is not required to allege that its exemptions are inapplicable. Schmidtke v. Conesa, 1 Cir., 141 F.2d 634.

Since the court has jurisdiction by virtue of section 16(c) of the Act and title 28 U.S.C. § 1337, the defense of subparagraph (1) of paragraph 2 has no merit and should be stricken.

In addition, subparagraph (3) of defense numbered 2 contains two defenses raised by defendant. Defendant contends that this court does not have jurisdiction over this action:

(A) because under Section 16(c) the Secretary of Labor may not bring an action for violations occurring prior to January 25, 1950—the effective date of the Fair Labor Standards Amendments of 1949, and

(B) because this action involves an issue of law which has not been settled finally by the Courts, to wit, whether under Section 16(c), the Secretary of Labor may

134

bring an action for violations occurring prior to January 25, 1950—the effective date of the Fair Labor Standards Amendments of 1949.

■ Plaintiff submits that defense (A) above is insufficient in law and should be stricken. The language of the Act in regard to the retroactive effect of Section 16(c) is plain and leaves no room for doubt as to what was intended. When Congress passed the Fair Labor Standards Amendments of 1949, it made clear that an employer's liability for any act or omission occuring prior to the effective date of the Amendments continued after the effective date thereof. Thus, Section 16(d) expressly provided:

"No amendment made by this Act shall affect any penalty or liability with respect to any act or omission occurring prior to the effective date of this Act * * *." 29 U.S.C.A. § 216 note.

In the instant case, the complaint charges a liability with respect to acts or omissions occurring prior to January 25, 1950. In other words, the defendant failed to pay overtime compensation due employee Joseph E. Wiley for excessive hours worked during said workweeks, which resulted in a liability of $248.01. By the express terms of Section 16(d), supra, this liability is in nowise changed by the Amendments. The defendant's liability is an *existing* liability. The liability which was incurred as a result of the overtime violations has not been changed. The liability continues to exist by virtue of the express language of the statute. What has been changed is not the liability as defendant claims, but the remedy or the procedure by which the liability for unpaid overtime compensation unlawfully withheld can be collected.

Defense (A) is insufficient in law and should be stricken.

■ It is plaintiff's contention that defense (B) is insufficient in law and should be stricken. The alleged unsettled issue of law—whether Section 16(c) of the act can operate retroactively to the date of the violations occurring before the effective date of the 1949 Amendments—is one which can only be settled in a Section 16(c) ac-

tion. Such a defense asserted by defendant, if sustained, would mean that this allegedly unsettled issue of law could never be settled, and hence, that a suit involving this particular issue could never be maintained.

Subparagraph (3) of paragraph 2 is insufficient at law and should be stricken.

■ As defense numbered 3, defendant denies that this action is brought under section 16(c) of the "Act" and denies that plaintiff is authorized by said section to bring action "on behalf of anybody". The defendant thereafter infers that the payment of recovered sums to the employees is a discretionary act. However, plaintiff points out that the statute is specific in setting out the duties of the Secretary of Labor with respect to the payment of sums so recovered. It is the Secretary of Labor who will supervise the payment of any sums so recovered to the employees. Only in the event of inability to pay the employees will the sums so recovered be covered into the Treasury of the United States. Control is vested in the Secretary of Labor and he is the real party in interest.

Plaintiff submits that defense numbered 3, except the last sentence thereof, is insufficient in law and should be stricken.

■ As to defense numbered 4, plaintiff submits that the portion of the defense which states: "Defendant denies that there is no issue of law in this cause of action which has not been finally settled by the courts * * *" has already been pleaded in defense numbered 2 and is, therefore, redundant and should be stricken. In addition, other portions of the defense have been raised in defenses numbered 1 and 2.

■ As to defense numbered 9, plaintiff submits that defendant has introduced into the pleadings matters which are evidentiary in nature. It has been held that allegations of detailed facts of evidentiary nature will be stricken on plaintiff's motion. Salem Engineering Co. v. National Supply Co., D.C., 75 F.Supp. 993.

It is my conclusion that plaintiff's motion to strike the following portions from defendant's amended answer be granted:

1. Subparagraph (1) of defense numbered 2. Since this defense goes to the cause of action rather than jurisdiction, it is insufficient at law and should be stricken.

2. Subparagraph (3) of defense numbered 2. The language of the Act in regard to the retroactive effect of Section 16 (c) is clear. An employer's liability for any act or omission occurring prior to the effective date of the Amendments continued after the effective date thereof.

3. Defense numbered 3, except the last sentence thereof, which reads: "Defendant neither admits nor denies the allegation that plaintiff's usee has signed a written request with the plaintiff as alleged but demands strict proof." The Act is specific in setting out the duties of Secretary of Labor with respect to the payment of sums so recovered.

4. Defense numbered 4. Contains defenses which have been raised in other defenses, therefor is redundant.

5. Defense numbered 9. Defendant has introduced into pleadings matters which are evidentiary in nature.

Plaintiff's motion granted to strike from defendant's amended answer subparagraphs (1) and (3) of defense numbered 2; defense numbered 3, except the last sentence thereof; defense numbered 4; and defense numbered 9.