James P. MITCHELL, Secretary of Labor,
United States Department of
Labor, Plaintiff,

v.

COLUMBIA AIR-O-BLIND COMPANY,
Inc., a corporation, Defendant.

Civ. A. No. 4848.

United States District Court
E. D. South Carolina,
Columbia Division.

June 13, 1955.

554

Beverley H. Worrell, Regional Atty., Birmingham, Ala., for plaintiff.

Zack McGhee, Columbia, S. C., for defendant.

TIMMERMAN, Chief Judge.

This is a suit brought by the Secretary of Labor in his capacity as Administrator of the Fair Labor Standards Act, § 201 et seq., Title 29, U.S.Code Annotated, to recover from the defendant unpaid overtime compensation alleged to be due the latter's employee, Carl H. Riewaldt.

The Court has before it three motions by the defendant: (1) for an order dismissing the action for lack of jurisdiction; (2) failing in the first, for an order requiring the complaint to be made more definite in its jurisdictional allegations; and (3) for an order requiring the complaint to be made more definite by stating the computations of the wages alleged to be due and the particular work weeks contained in such computations.

In support of its first two motions challenging the jurisdiction of the Court, defendant states, " * * * there is no showing or allegation that the issues of law involved have been finally settled by the Courts as is required by Section 16 (c) of the Fair Labor Standards Act as a condition precedent to the jurisdiction of this Court." Defendant's position is manifestly based upon the false assumption that such a showing is a "condition precedent" to the jurisdiction of the Court.

Section 16(c) of the Act, Section 216, Title 29, Code Annotated, provides, "* * * When a written request is filed by any employee with the Administrator claiming unpaid minimum wages or unpaid overtime compensation under section 6 or section 7 of this Act, the Administrator may bring an action in any court of competent jurisdiction to recover the amount of such claim: *Provided,* That this authority to sue shall not be used by the Administrator in any case involving an issue of law which has not been settled finally by the courts, and in any such case no court shall have jurisdiction over such action or proceeding initiated or brought by the Administrator if it does involve any issue of law not so finally settled. * * * " The purpose of the proviso is to prevent the Administrator from using the authority granted in the general clause to bring test cases involving novel questions of law. See Conference Report No. 1453, October 17, 1949 (To accompany H. R. 5856), U. S. Congressional Service, 1st Session, 1949, p. 2272.

It was the intention of Congress that the Administrator should have general authority to institute suits to recover employees' claims in any Court of competent jurisdiction, but if it should appear during the course of any such suit that the Administrator has used the authority granted him for the purpose of testing a novel question of law, then the proviso should operate to divest the Court of its jurisdiction. One claiming the benefit of a proviso following a general clause in a statute has the burden of showing that the proviso is applicable. Schlemmer v. Buffalo, R. & P. Ry. Co., 205 U.S. 1, 27 S.Ct. 407, 51 L.Ed. 681; Barringer v. Dinkler Hotels Co., 4 Cir., 61 F.2d 82; 82 C.J.S., Statutes, § 381, p. 886. Defendant's first and second motions must therefore fail.

Defendant's third motion is made under Fed.Rules Civ.Proc. rule 12(e), 28 U.S.C.A., which provides, "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. * * * " Defendant's motion is not directed to anything vague or ambiguous in the complaint, but is, in effect, seeking information which may be obtained by discovery. A motion for a more definite statement

may not be used for such a purpose. Discovery is provided for elsewhere. Rule 26 et seq.

It is therefore Ordered that defendant's motions are denied.