James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

LANCASTER MILK COMPANY, Defendant.

Civ. A. No. 6845.

United States District Court M. D. Pennsylvania.

July 6, 1960.

Harold C. Nystrom, Acting Sol., Washington, D. C., Ernest N. Votaw, Regional Attorney, Marshall H. Harris, U. S. Dept. of Labor, Chambersburg, Pa., for plaintiff.

Arnold, Bricker, Beyer & Barnes, Lancaster, Pa., for defendant.

FOLLMER, District Judge.

This matter is presently before the Court on motions of the defendant to dismiss the action because the Complaint and "Amended Complaint" fail to state a claim against the defendant upon which relief can be granted, or, in the alternative, to dismiss the action for lack of jurisdiction.

On December 16, 1959, plaintiff filed a Complaint against defendant seeking to recover unpaid overtime compensation allegedly due Clyde Vanasdlen, an employee of the defendant, under the provisions of the Fair Labor Standards Amendments of 1949 (Act of October 26, 1949, c. 736, 63 Stat. 910, 29 U.S.C.A. § 201 et seq.).

On February 12, 1960, plaintiff filed what he designated an "Amended Complaint" against said defendant seeking to recover unpaid overtime compensation allegedly due to John J. Strevig (also an employee of defendant) under the provisions of the aforesaid Fair Labor Standards Amendments of 1949. It is actually an amendment to the Complaint which does not repeat the allegations of the original Complaint as to Clyde Vanasdlen but merely adds allegations as to the additional employee, John J. Strevig.

1. A. of both the motions to dismiss the Complaint and the "Amended Complaint" allege:

"The allegations in the Complaint ("Amended Complaint") bring the case within the exception of Section 7(c) of the Fair Labor Standards Act, as amended, relating to first processing of milk;"

1. B. of the motion to dismiss the Complaint alleges:

"The complaint (as to Clyde Vanasdlen) was filed more than two years after August 15, 1957, the beginning date of the alleged violation, and, therefore, is barred by the limitation in Section 6(a) of the Portal-to-Portal Act which amended the Fair Labor Standards Act;"

1. B. of the motion to dismiss the "Amended Complaint" alleges:

"The Amended Complaint was filed more than two years after August 21, 1957, the beginning date of the alleged violation, as to John J. Strevig and, therefore, is barred by the limitation in Section 6(a) of the Portal-to-Portal Act, which amends the Fair Labor Standards Act;"

1. C. of the motion to dismiss the Complaint alleges:

"The Complaint fails to show authority in Mrs. Clyde Vanasdlen or any other person to act on behalf of or to receive payments alleged to be due to Clyde Vanasdlen."

1. C. of the motion to dismiss the "Amended Complaint" alleges:

"The Amended Complaint states a separate cause of action from the original Complaint, involving a distinct and different period under the applicable statute of limitations, and therefore the two cannot be combined in one suit."

2. of both motions allege, in slightly different verbiage, respectively:

(2. in first motion.) "In the alternative, to dismiss the action for lack of jurisdiction over the subject matter in that the Secretary of Labor has no authority to sue, under Section 16(c) of the Fair Labor Standards Act, unless his complaint alleges that the case involves an issue of law which has been settled finally by the Courts."

(2. in second motion.) "In the alternative, to dismiss the action for lack of jurisdiction over the subject matter in that the Secretary of Labor has no authority to sue on the cause of action alleged in the Amended Complaint, under Section 16(c) of the Fair Labor Standards

Act, unless his Amended Complaint alleges that the case involves an issue of law which has been settled finally by the Courts."

As to 3 (A. B. and C.) in both motions, defendant, in its brief, states that "the plaintiff has now given to defendant the information requested, and defendant hereby withdraws its motion for a more definite statement." The motion for a more definite statement is, therefore, moot.

The reasons given by the defendant under 1 A. (both motions) will be considered first.

The allegations of the original Complaint and as amended bring the case within the exception of Section 7(c) of the Fair Labor Standards Act, as amended relating to first processing of milk.

On January 30, 1959, the United States District Court for the District of Minnesota, in the case of Mitchell v. Park, d. b. a. David Park Co., 36 Labor Cases ¶ 65,191, stated:

"The exemption from the maximum hours provisions of the Act provided by Section 7(c) for any employee employed in any place of employment where his employer is engaged in the first processing of cream into dairy products, is inapplicable. 'First processing' as used in Section 7(c) means the first change in the form of raw materials. The weighing, sampling, testing, cooling, storing, and transporting of cream, described in Findings 6 and 7 are not 'first processing' within the meaning of this Section because these activities do not change the form of the cream."

The ground rules for the construction of this Act are clearly set forth in Richter v. Barrett, 3 Cir., 1949, 173 F.2d 320, 324, where the court stated:

"The Fair Labor Standards Act is remedial and calls for a liberal construction, but each case must stand on its own facts. * * * Exemptions are to be restrictively interpreted. * * * It is the employer's burden to prove that the employee is exempt from the coverage of the Act. * * *"

In Barrett et al. v. National Malleable & Steel Castings Co., D.C.W.D.Pa.1946, 68 F.Supp. 410, 413, the court stated:

"It is a settled principle of law that a complaint should not be dismissed unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts which could be proved in support of the allegations set forth therein. Furthermore, the complaint should be viewed in a light most favorable to the plaintiff, and the truth of the facts well pleaded, including facts alleged on information and belief, are admitted. * * *"[1]

In Stratton et al. v. Farmers Produce Co., Inc., 8 Cir., 1943, 134 F.2d 825, 827, the court held that in actions under the Fair Labor Standards Act there is a special necessity "for having a detailed knowledge of all pertinent facts relative to the nature of an employer's business and of the work done for him by an employee, before attempting to reach a conclusion as to whether the employee is or is not entitled to the (wage and hour) benefits * * * of the Act."

In McComb v. Johnson, 8 Cir., 1949, 174 F.2d 833, in reversing the District Court which had dismissed an action under this Act because the complaint failed to state a claim upon which relief could be granted, the court stated, inter alia: (at page 834)

"* * * He (the plaintiff) may not be able to establish the claims stated in his complaint, but we think he is, at least, entitled to make the attempt. The issues tendered by the complaint are too important and far reaching to be decided upon an assumed state of facts gleaned from a pleading. * * * The District Court's prognostication of the out-

---

[1]. See also, Musteen et al. v. Johnson et al., 8 Cir., 1943, 133 F.2d 106, 108.

come of this case may eventually prove to be correct, but it was premature and based upon indefinite inferences which may have no basis in fact. We have twice before had occasion to point out the impropriety of deciding questions of coverage under the Fair Labor Standards Act upon motions to dismiss a complaint for failure to state a claim upon which relief could be granted. * * The futility of attempting to terminate a lawsuit by granting such a motion, unless it presents a simple, definite, clear-cut issue of law, has been pointed out by this Court in many cases. * * *

"We have no doubt that if this Court were to decide the question of the applicability of the Fair Labor Standards Act to the defendants' operations upon the present record, a petition for certiorari by the party aggrieved would result in the remand of the case by the Supreme Court to the District Court for a more complete record."

■ Defendant is actually contending here "that plaintiff has failed to state a cause of action, because he has not negatived the applicability of section (7(c) of the Act.) Since this defense goes to the cause of action rather than jurisdiction, it is insufficient at law and should be stricken. A plaintiff in order to state a cause of action under the Fair Labor Standards Act is not required to allege that its exemptions are inapplicable. * * *" Tobin for and on behalf of Wiley v. Wilson, D.C.N.D.Ill.1951, 98 F.Supp. 131, 133.

■ At this time the Court is without facts from which it could make a definitive ruling on the question as to whether the allegations in the "Amended Complaint" bring the case within the exception of Section 7(c) of the Fair Labor Standards Act relating to first processing of milk.

As to 1 B.—Statute of Limitations (Both motions).

The original Complaint alleges violations as to employee Vanasdlen, during the period August 15, 1957, to April 30, 1958. The "Amended Complaint" added further alleged violations as to another employee, Strevig, during the period August 21, 1957 to July 1, 1959.

Section 7 of the Portal-to-Portal Act (29 U.S.C.A. § 256) provides that an action under the Fair Labor Standards Act of 1938 shall be considered to be commenced on the date when the complaint is filed. Section 6 of the Portal-to-Portal Act (29 U.S.C.A. § 255) establishes a two year statute of limitations for actions to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages under the Fair Labor Standards Act.

The record indicates that the original Complaint here was filed December 16, 1959, and the "Amended Complaint" was filed February 12, 1960. There is no question that if the statute of limitations is properly pleaded as a defense, it would operate to outlaw that portion of the Vanasdlen claim accruing during the period August 15, 1957 to December 16, 1957, and that portion of the Strevig claim accruing during the period August 21, 1957 to February 12, 1958.

■ It is well settled that "A separate cause of action for overtime compensation accrues at each regular payday immediately following the work period during which the services were rendered and for which the overtime compensation is claimed." Shandelman v. Schuman, D.C.E.D.Pa.1950, 92 F.Supp. 334, 335.

■ Inasmuch as a portion of both claims alleged are not barred by the Statute of Limitations, defendant's motions to dismiss on the ground that the cause is barred by the said Statute must be denied.

As to 1 C. (First motion). "Complaint fails to show authority in Mrs. Clyde Vanasdlen or any other person to act on behalf of or to receive payments alleged to be due to Clyde Vanasdlen."

In Fleming v. Hawkeye Pearl Button Co. et al., 8 Cir., 1940, 113 F.2d 52, 56, the court said: "The statute (Fair Labor Standards Act) is remedial, with a humanitarian end in view. It is therefore entitled to a liberal construction." Accordingly, courts have held that actions could be maintained by the personal representatives of deceased employees under Section 16(c) of the Act.[2]

Certainly if the Secretary of Labor could act only upon the receipt of a written request by the personal representative of a deceased employee, the claim might conceivably be barred in substantial part due to delay necessarily incurred in processing an estate.

The law of Pennsylvania clearly vests authority in the widow of a deceased employee to receive wages, as in the instant case. See 20 P.S. § 320.201, which reads as follows:

"Any employer of a person dying domiciled in the Commonwealth at any time after the death of the employee, whether or not a personal representative has been appointed, may pay wages or salary in an amount not exceeding two hundred and fifty dollars due to the deceased employee to the spouse, any child, the father or mother, or any sister or brother (preference being given in the order named) of the deceased employee. Any employer making such a payment shall be released to the same extent as if payment had been made to a duly appointed personal representative of the decedent and he shall not be required to see to the application thereof. Any person to whom payment is made shall be answerable therefor to anyone prejudiced by an improper distribution."

There is no question that the cause of action survives. 20 P.S. § 320.601.

This reason to dismiss is clearly frivolous and will be denied.

As to 1 C. (Second motion) The "Amended Complaint" states a separate cause of action from the original Complaint involving a distinct and different period under the applicable Statute of Limitations and therefore the two cannot be combined in one suit.

The final sentence in Section 16 (c) of the Fair Labor Standards Act (29 U.S.C.A. § 215(c) ) certainly indicates clearly that the claims of more than one employee may be joined in a suit instituted by the Secretary of Labor under this portion of the Act, to wit: "In determining when an action is commenced by the Secretary of Labor under this subsection for the purposes of the two-year statute of limitations provided in section 255(a) of this title, it shall be considered to be commenced in the case of any individual claimant on the date when the complaint is filed if he is specifically named as a party plaintiff in the complaint, or if his name did not so appear, on the subsequent date on which his name is added as a party plaintiff in such action."

Defendant has its principal place of business in Lancaster County, Pennsylvania, with receiving stations in Cumberland and Adams Counties, Pennsylvania. The work not only of the two receiving stations but of the two employees named in the original Complaint and the "Amended Complaint" was practically the same. There are questions of law and fact common to the claims of both of the said employees. The fact that the time element varies with respect to the two employees is of no consequence. If the Statute of Limitations is properly pleaded, it would merely involve some mathematical computations to determine the degree that the claims of either would be reduced by the statute. The fact that the work involved two different locations at varying periods of time does not, in my opinion, support defendant's claim that separate causes of action are asserted. Basically, precisely the same factual situations and questions of law are presented in the original Com-

2. Crook v. Bryant, 4 Cir., 1959, 265 F.2d 541.

plaint and "Amended Complaint" as to both named employees.

The Conference Report in the 1949 Amendments to the Fair Labor Standards Act, reported in the 1949 United States Code Congressional Service, at page 2272 indicates:

"* * * While the conference agreement omits the provision that the Administrator could join in one cause of action the claims of any employees similarly situated who consented thereto, it is the intention of the conferees under the conference agreement that the Rules of Civil Procedure of the district courts of the United States relating to joinder of parties will apply to actions brought by the Administrator under section 16(c) as such rules would be applicable in any other civil actions brought in the district courts of the United States. In like manner, the rules as to joinder of parties applicable to civil actions in the courts of the several States and Territories will apply to actions brought by the Administrator in the courts of such States and Territories under section 16(c)."

■ As alleged in the Complaint, the functions of the Administrator have been transferred to the Secretary of Labor under the Reorganization Plan Number 6, dated March 13, 1950, effective May 24, 1950, issued under the Reorganization Act of 1949, 5 U.S.C.A. § 133z et seq. An examination of this report clearly indicates the intention of the legislators that the question as to joinder would be determined by the Rules of Civil Procedure of the United States District Courts, and accordingly, we must look at these Rules for a determination in this matter.

Rule 18(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides:

"The plaintiff in his complaint or in a reply setting forth a counterclaim and the defendant in an answer setting forth a counterclaim may join either as independent or as alternate claims as many claims either legal or equitable or both as he may have against an opposing party. There may be a like joinder of claims when there are multiple parties if the requirements of Rules 19, 20, and 22 are satisfied. There may be a like joinder of cross-claims or third-party claims if the requirements of Rules 13 and 14 respectively are satisfied."

An excellent explanation of this Rule is contained in 45 W.Va.L.Q. 5, as noted in the commentaries to Rule 18, in the United States Code Annotated, page 45, as follows:

"As to joinder of causes of actions, the new rules introduce what might be said to be a novel principle. They proceed upon the theory that no inconvenience can result from the joinder of any two or more matters in the pleadings, but only from trying two or more matters together which have little or nothing in common. They therefore permit the joinder of practically anything, and the court is allowed in its discretion to make an order for the separate trial of any matters which can be more conveniently tried that way. This, of course, eliminates a great field of discussion and argument over technical points respecting joinder.

"Where the parties are the same, there is no restriction whatever. Where the parties are different, full freedom of joinder is permitted, subject to the rules as to the joinder of parties. That means where the parties are different any joinder is permitted in cases which arise out of the same transaction or occurrence, or series of transactions or occurrences, and involve a common question of law or fact. * * *"

Rule 20 of the Federal Rules of Civil Procedure authorizes joinder of parties when they assert rights "in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law

or fact common to all of them will arise in the action."

The "Amended Complaint" does not, in my opinion, state a separate cause of action, on the contrary, the claims, to all intents and purposes, involve a common question of law and fact and is well within the letter and spirit of Rules 18–21 of the Federal Rules of Civil Procedure which are designed to avoid multiple litigation by facilitating joinder of parties.

Reason 1 C. is without merit and will be denied.

2. Lack of jurisdiction (Both motions.)

Defendant bases this reason on the following clause of Section 16(c) of the Fair Labor Standards Act, 29 U.S.C.A. § 216(c), which reads as follows:

"* * * no court shall have jurisdiction over such action or proceeding initiated or brought by the Secretary of Labor if it does involve any issue of law not so finally settled."

This reason is without merit. As was well stated in Tobin for and on behalf of Wiley v. Wilson, D.C.N.D.Ill. 1951, 98 F.Supp. 131, 134, "The alleged unsettled issue of law * * * is one which can only be settled in a Section 16(c) action. Such a defense asserted by defendant, if sustained, would mean that this allegedly unsettled issue of law could never be settled, and hence, that a suit involving this particular issue could never be maintained." The reason back of this portion of the Act is set forth in Mitchell v. Columbia Air-O-Blind Company, Inc., D.C.E.D.S.C.1955, 132 F.Supp. 553, 554, to wit:

"* * * The purpose of the proviso is to prevent the Administrator from using the authority granted in the general clause to bring test cases involving novel questions of law. See Conference Report No. 1453, October 17, 1949 (To accompany H.R.5856), U. S. Congressional Service, 1st Session, 1949, p. 2272.

"It was the intention of Congress that the Administrator should have general authority to institute suits to recover employees' claims in any Court of competent jurisdiction, but if it should appear during the course of any such suit that the Administrator has used the authority granted him for the purpose of testing a novel question of law, then the proviso should operate to divest the Court of its jurisdiction. One claiming the benefit of a proviso following a general clause in a statute has the burden of showing that the proviso is applicable. * * * *"

Motions to dismiss for lack of jurisdiction will be denied.