Janet **FREUDENBERG**

v.

Carole **HARVEY**, Individually and trading as CCW Harvey Personnel Consultants.

Civ. A. No. 73–1668.

United States District Court,
E. D. Pennsylvania.

Oct. 9, 1973.

John W. Walter, Philadelphia, Pa., for plaintiff.

Robert C. Ozer, Blank, Rome, Klaus & Comisky, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

FOGEL, District Judge.

Plaintiff, Janet Freudenberg, has brought this action against Carole Harvey, individually and trading as "CCW Harvey Personnel Consultants", for alleged violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq.

Plaintiff alleges that her employment by defendant as a counsellor from March 1, 1971 until January 13, 1972, required her to interview and place prospective job applicants, and that her own responsibilities "were an integral part of the interstate business of defendant, within the meaning of the Fair Labor Standards Act, and [were] necessary for the sale of goods in interstate commerce." She alleges that during the period of her employment she was paid less than the statutory minimum wage provided in 29 U.S.C. § 206, and did not receive overtime pay as provided in 29 U.S.C. § 207; hence, she seeks to recover unpaid compensation, as well as liquidated damages, counsel fees and costs, pursuant to the provisions of 29 U.S.C. § 216(b).

Defendant has not answered the complaint, but has filed instead a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure, contending that the Court lacks jurisdiction over both the person of the defendant and the subject matter of the action. The sole issue raised by·defendant in her motion and brief in support thereof is the applicability of 29 U.S.C. § 213(a)(2), which exempts certain employers from the minimum wage and overtime pay provisions of the Fair Labor Standards Act. Defendant claims her business falls within the exemption created by § 213(a)(2).

■ The allegation of lack of personal jurisdiction has not been pursued by defendant; in any event, there appears to be no basis for this assertion, since defendant concedes that she does business in the Commonwealth of Pennsylvania. The record of service of process by the United States Marshal shows that defendant was personally served at her place of business at 1700 Market Street, Philadelphia, Pennsylvania. These facts satisfy the requirements for personal jurisdiction over defendant. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1877). This clearly frivolous defense is therefore rejected summarily.

Defendant's second basis for her motion to dismiss is lack of jurisdiction over the subject matter. She argues this Court is without jurisdiction on the ground that her business falls within the exemption established by 29 U.S.C. § 213(a)(2) which excludes certain employers from the minimum wage and overtime pay provisions of the Fair Labor Standards Act.

Section 213(a)(2) provides as follows:

§ 213. Exemptions

(a) The provisions of section 206 (except subsection (d) in the case of paragraph (1) of this subsection) and section 207 of this title shall not apply with respect to—

* * * (2) any employee employed by any retail or service establishment (except an establishment or employee engaged in laundering, cleaning, or repairing clothing or fabrics or an establishment engaged in the operation of a hospital, institution, or school described in section 203(s)(4) of this title), if more than 50 per centum of such establishment's annual dollar volume of sales of goods or services is made within the State in which the establishment is located, and such establishment is not in an enterprise described in section 203(s) of this title or such establishment has an annual dollar volume of sales which is less than $250,000 (exclusive of excise taxes at the retail level which are separately stated). A "retail or service establishment" shall mean an establishment 75 per centum of whose annual dollar volume of sales of goods or services (or of both) is not for resale and is recognized as retail sales or services in the particular industry.

Plaintiff counters by asserting that this Court's jurisdiction is founded upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1337.

29 U.S.C. § 216(b) provides as follows:

§ 216. Penalties; civil and criminal liability; injunction proceedings terminating right of action; waiver of claims; actions by Secretary of Labor; limitation of actions; savings provision

\* \* \* (b) Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. The right provided by this subsection to bring an action by or on behalf of any employee, and the right of any employee to become a party plaintiff to any such action, shall terminate upon the filing of a complaint by the Secretary of Labor in an action under section 217 of this title in which restraint is sought of any further delay in the payment of unpaid minimum wages, or the amount of unpaid overtime compensation, as the case may be, owing to such employee under section 206 or section 207 of this title by an employer liable therefor under the provisions of this subsection.

■ Section 216(b) creates a right of action in favor of certain employees to recover (1) unpaid minimum wages and overtime compensation; (2) liquidated damages; (3) counsel fees and (4) costs of the action. Such an action may be maintained in "any court of competent jurisdiction", a phrase which includes any state court of general jurisdiction. Hargrave v. Mid-Continent Petroleum Corporation, 36 F.Supp. 233 (E.D.Okl.1941). The jurisdiction of the United States district courts, however, is limited by the Constitution and laws of the United States, and thus § 216(b) standing alone is not sufficient to confer subject matter jurisdiction. A specific grant of subject matter jurisdiction is necessary, and this grant is found in 28 U.S.C. § 1337, which confers original jurisdiction upon the district courts over "any civil action or proceeding arising under any Act of Congress regulating commerce \* \* \*." Since the Fair Labor Standards Act is an act of Congress regulating commerce, United States v. Darby, 312 U.S. 100, 61 S.Ct. 451, 85 L.Ed. 609 (1941), the district courts have jurisdiction of actions brought under § 216(b) without regard to the citizenship of the parties or the amount in controversy. Robertson v. Argus Hosiery Mills, 121 F.2d 285 (6th Cir. 1941). Thus the issue in the present case is whether the action "arises under" the Fair Labor Standards Act. If so, this Court has jurisdiction under 28 U.S.C. § 1337.

■ Defendant's argument that the exemption of § 213(a)(2) deprives this Court of jurisdiction over the subject matter stems from her failure to distinguish between a decision on jurisdictional grounds and an adjudication on the merits. Plaintiff alleges that defendant is in breach of a duty to her created by statutes of the United States, 29 U.S.C. §§ 206, 207, which require certain employers to pay a minimum wage and overtime compensation to their employees. Another statute of the United States, 29 U.S.C. § 216(b), permits an aggrieved employee to bring suit for recovery of the unpaid amounts. Defendant denies that she is in breach of any duty owed to plaintiff, and sets up as a defense an exemption created by still another statute of the United States, 29 U.S.C. § 213(a)(2). Defendant is thus claiming that plaintiff has no right to recovery, a claim which goes to the merits of the cause and not to the jurisdiction of the Court.

The controlling principles with respect to this issue are set forth in the leading

case of Bell v. Hood, 327 U.S. 678, 66 S. Ct. 773, 90 L.Ed. 939 (1946).

There, Mr. Justice Black, speaking for the Court, stated:

> Before deciding that there is no jurisdiction, the district court must look to the way the complaint is drawn to see if it is drawn so as to claim a right to recover under the Constitution and laws of the United States. * * *
>
> Jurisdiction, therefor, is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction. * * *
>
> * * * Whether the petitioners are entitled to recover depends upon an interpretation of [the statutes and constitutional provisions involved in the case]. Thus the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another. For this reason the district court has jurisdiction. Bell v. Hood, *supra*, at 681, 682, 685, 66 S.Ct. at 775, 776, 777.

In the instant case, plaintiff's right to recover will depend, first, on this Court's construction of the exculpatory provisions of the exemption statute, 29 U.S.C. § 213(a)(2), in particular the term "retail or service establishment," [1] and, second, upon essential findings of fact with respect to the existence of an exemption. Thus, a decision as to the applicability of § 213(a)(2) is an adjudication on the merits of the case, under the rule of Bell v. Hood, *supra*.

This question arose in Tobin, for and on behalf of Wiley v. Wilson, 98 F.Supp. 131 (N.D.Ill.1951), an action brought by the Secretary of Labor to recover unpaid overtime compensation under the provisions of the Fair Labor Standards Act. Defendant filed an answer which admitted the existence of the Act, but claimed an exemption under § 213(a)(2) from the minimum wage and overtime pay provisions, which was asserted to be a bar to the jurisdiction of the district court. The Court ruled that subject matter jurisdiction existed, since the right of action of the Secretary of Labor was granted in § 16(c) of the Act, 29 U.S.C. § 216(c), and the case therefore arose under an act regulating commerce within the meaning of 28 U.S.C. § 1337.

The Court stated:

> "What defendant is actually contending is that plaintiff has failed to state a cause of action, because he has not negatived the applicability of section 13(a)(2) [29 U.S.C. § 213(a)(2)]. Since this defense goes to the cause of action rather than to jurisdiction, it is *insufficient and should be stricken*."

The jurisdictional issue under the Fair Labor Standards Act was also the subject of litigation in Bledsoe v. Wirtz, 384 F.2d 767 (10th Cir. 1967), a case which at first blush may seem to depart from the principles stated in Tobin v. Wilson, *supra*.

*Bledsoe* involved an action by the Secretary of Labor under § 17 of the Act, 29 U.S.C. § 217, in which he alleged that defendants had violated the overtime pay provisions of the Act, and had failed to keep adequate records as required by the Act. The trial court found that de-

---

1. See Schussler v. Employment Consultants, Inc., 333 F.Suppp. 1387 (N.D.Ill.1971).

fendants were regularly engaged in interstate commerce and the production of goods for commerce, and therefore came within the reach of the Act. This finding was not challenged in the first appeal to the Court of Appeals for the Tenth Circuit. Wirtz v. Bledsoe, 365 F. 2d 277 (10th Cir. 1966). On a second appeal, defendants, for the first time, set forth their contention that as a matter of law they were not covered by the provisions of the Act. The Court held that since this argument went to the subject matter jurisdiction of the federal courts, it could properly be raised on the second appeal, even though it had not been raised earlier. The Court said:

> Appellee claims that this court does not need to consider the issue of coverage of the Act on its merits, more particularly, that the appellants are estopped from arguing this point because they failed to raise the point during the first appeal. * * * However, coverage under the Fair Labor Standards Act by engagement in interstate commerce is more than a substantive issue in the trial of this cause of action. Jurisdiction in the Federal Courts depends solely upon a finding of engagement in interstate commerce and no diversity or jurisdictional amount need be shown. * * * The question of whether the court has jurisdiction over the subject matter of a cause of action has primary importance and can be raised at any time even on the court's own motion. * * * Therefore, since the issue of whether the defendants are engaged in interstate commerce so that they are covered by the Fair Labor Standards Act raises a jurisdictional issue it will be considered by this Court on this appeal even though not raised, on the first appeal. Bledsoe v. Wirtz, *supra,* 384 F.2d at 769, 770.

Careful analysis of the case reveals, however, that the action was brought by the Secretary of Labor under 29 U.S. § 217, which, unlike § 216(b) and § 216(c), contains an independent grant of jurisdiction to the district courts to enjoin violations of the Fair Labor Standards Act. Section 217 provides as follows:

§ 217. Injunction proceedings

The district courts, together with the United States District Court for the District of the Canal Zone, the District Court of the Virgin Islands, and the District Court of Guam *shall have jurisdiction,* for cause shown, to restrain violations of section 215 of this title, including in the case of violations of section 215(a)(2) of this title the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this chapter (except sums which employees are barred from recovering, at the time of the commencement of the action to restrain the violations, by virtue of the provisions of section 255 of this title.) (emphasis added).

Thus when the court in *Bledsoe* refers to subject matter jurisdiction in the federal courts, what is meant is the jurisdiction specifically conferred by § 217. It is arguable that when § 217 grants jurisdiction to enjoin violation of the Fair Labor Standards Act, it is the extent of coverage of the Act which limits the jurisdiction so conferred. In the present case, however, federal subject matter jurisdiction does not arise from the provisions of the Fair Labor Standards Act, but from an entirely independent statute, 28 U.S.C. § 1337, which does not limit the jurisdiction to causes founded upon the substantive coverage of the Fair Labor Standards Act, but to every case which may "arise under" any act of Congress which regulates commerce. This jurisdictional requirement is met when the complaint is drawn so as to claim a right to recover under any law regulating commerce, Bell v. Hood, *supra,* 327 U.S., at 681, 66 S.Ct. 773, if it "really and substantially involves a dispute or controversy respecting the validity, construction, or effect of such a law, upon determination of which the result depends." Shulthis v. McDougal,

225 U.S. 561, 569, 32 S.Ct. 704, 706, 56 L.Ed. 1205 (1912). There is no allegation in the present case that the complaint is wholly insubstantial or frivolous, and therefore federal jurisdiction must be found to exist. Bell v. Hood, *supra,* 327 U.S., at 682, 683, 66 S.Ct. 773.

There are strong policy reasons for holding, as did the district court in Tobin v. Wilson, *supra,* that a purported exemption under § 213(a)(2) goes to the merits rather than to a jurisdictional defect. If the contrary choice is made, a district court would have to hold extensive evidentiary hearings to develop the facts necessary to determine if an exemption does exist, Walling v. Reid, 139 F.2d 323 (8th Cir. 1943), and to decide the legal effect of such terms as "retail or service establishment", Schussler v. Employment Consultants, Inc., *supra.* Thereafter, if the Court concluded an exemption did exist, the Court would only dismiss the action on the ground of lack of subject matter jurisdiction.

A decision limited to jurisdictional grounds raises very intricate questions about the application of the doctrine of res judicata. For example, would not such a determination allow plaintiff to bring the identical action in a state court of general jurisdiction, under 29 U.S.C. § 216(b), alleging that the only issue decided by the federal court was the absence of subject matter jurisdiction?

▆ The usual rule is that a judgment dismissing an action for lack of jurisdiction is not a bar to a subsequent action in a court of competent jurisdiction on the merits of the cause of action originally involved.[2] Thus the state court in the second action would be compelled to make the same factual and legal determinations which were made by the federal court. In each case, the critical issue is the same, plaintiff's right to recover under a federal statute. A ruling limited to jurisdiction by the federal court could lead to a proliferation of actions and forum shopping in federal and state courts. It is true, as Moore points out, that there are several state cases which hold that "when a material question as to the merits has been decided by and is essential to a judgment for defendant, dismissing the action for want of jurisdiction, this determination is conclusive upon the parties and their privies in a subsequent action," 1B Moore's Federal Practice § 0.405[5]; however, there is federal authority which suggests the contrary rule, at least in certain situations. Iselin v. Meng, 269 F.2d 345 (5th Cir. 1959). See also NLRB v. Denver Building and Construction Trades Council, 341 U.S. 675, 71 S.Ct. 943, 95 L.Ed. 1284 (1951).

It is not necessary for us to decide such hypothetical applications of the doctrine of res judicata. When it is possible to avoid sinking into a jurisdictional quagmire, it is wise to do so. The decision in Tobin v. Wilson, *supra,* allows a federal court to consider the applicability of the exemption in § 213(a)(2) as an issue which goes to the merits rather than to subject matter jurisdiction.

▆▆ Even if we were to hold that the exemption under § 213(a)(2) went to subject matter jurisdiction rather than to the merits, and that defendant's motion to dismiss was properly brought, we would be compelled to deny the motion at this time. At this stage of the proceedings, before the defendant has filed an answer, and before there has been complete discovery[3] a motion to dismiss is clearly premature. In cases which arise under the Fair Labor Standards Act, the employer has the burden of establishing the facts requisite to an exemption. Idaho Sheet Metal Works v. Wirtz, 383 U.S. 190, 86 S.Ct. 737, 15 L. Ed.2d 694 (1966), rehearing denied, 383 U.S. 963, 86 S.Ct. 1219, 16 L.Ed.2d 305, 306 (1966). The determination as to whether a given enterprise falls within

---

2. 1B Moore's Federal Practice § 0.405[5], citing cases.

3. A single affidavit has been filed by defendant in support of the motion to dismiss.

the exemption provided in § 213(a)(2) presents complex questions of fact and law which should not be determined on the basis of conclusory ex parte affidavits of the operator of an enterprise, but upon an adequate record of all the pertinent facts and circumstances relating to its operation. Walling v. Reid, *supra*.

If, at a later stage in this proceeding, it appears that there is no genuine issue as to any material fact, defendant may move for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

The motion is therefore denied.